DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
David@yeremianlaw.com
Jason Rothman (SBN 304961)
Jason@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

UNITED EMPLOYEES LAW GROUP, PC
Walter Haines (SBN 71075)
walterhaines@yahoo.com
5500 Bolsa Ave., Suite 201
Huntington Beach, CA 92649
Telephone: (310) 652-2242

Attorneys for Plaintiff Jesse Rodriguez,
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE RODRIGUEZ, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BCFORWARD RAZOR LLC, an Indiana Limited Liability Company, BUCHER AND CHRISTIAN CONSULTING, INC., an Indiana Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:  18-cv-03219-EJD<br><br><u>CLASS ACTION</u><br><br><u>Assigned for All Purposes To:</u><br>Hon. Edward J. Davila<br>Courtroom:  4<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND COLLECTIVE ACTION FOR:**<br><br>1.  Failure to Pay Minimum Wages<br>2.  Failure to Pay Wages and Overtime Under Labor Code § 510;<br>3.  Failure to Pay Wages Under the FLSA, 29 USC §§ 206, 207;<br>4.  Meal Period Liability Under Labor Code;<br>5.  Rest-Break Liability Under Labor Code § 226.7;<br>6.  Violation of Labor Code §§ 226(a)<br>7.  Violation of Labor Code § 221;<br>8.  Violation of Labor Code § 203; and<br>9.  Violation of Business & Professions Code § 17200 *et seq.*<br>10. Penalties Pursuant to Labor Code § 2699, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff Jesse Rodriguez, (hereinafter "Plaintiff") on behalf of himself and all others

2    similarly situated (collectively, "Employees"; individually, "Employee") complains of

3    Defendants, and each of them, as follows:

4                                    **INTRODUCTION**

5        1.    Plaintiff brings this action on behalf of himself and all current and former

6    Employees within the State of California who, at any time four (4) years prior to the filing of this

7    lawsuit, are or were employed as non-exempt, hourly employees by Defendants BCFORWARD

8    RAZOR LLC, an Indiana Limited Liability Company, BUCHER AND CHRISTIAN

9    CONSULTING, INC., an Indiana Corporation, and DOES 1 through 50 (all defendants being

10   collectively referred to herein as "Defendants"). Plaintiff alleges that Defendants, and each of

11   them, violated various provisions of the California <u>Labor Code</u>, relevant orders of the Industrial

12   Welfare Commission (IWC), and California <u>Business & Professions Code</u>, and also brings a

13   collective action for Defendants' violations of the provisions of the Fair Labor Standards Act

14   ("FLSA"), including 29 U.S.C. §§ 206 and 207, and seeks redress for these violations.

15       2.    Plaintiff is a resident of California and Santa Clara County, and during the time

16   period relevant to this Complaint, was employed by Defendants as a non-exempt hourly employee

17   within the State of California at Defendants' facilities and offices in San Jose, California. Plaintiff

18   and the other Class members worked for Defendants providing administrative, product, and

19   customer services to Defendants' customers in Santa Clara County, California, and throughout the

20   United States, and consistently worked at Defendants' behest without being paid all wages due.

21   More specifically, Plaintiff and the other similarly situated Class members were employed by

22   Defendants and worked at Defendants' call centers and corporate offices and other facilities where

23   the conduct giving rise to the allegations in this Class Action Complaint occurred. Upon

24   information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties

25   and responsibilities (2) was subjected to the same policies and practices (3) endured similar

26   violations at the hands of Defendants as the other Employee Class members who served in similar

27   and related positions.

28   ///

3.      Defendants required Plaintiff and the Employees in the Class and collective to perform work while remaining under Defendants control before and after being on the clock for their daily work shift, and Defendants further failed to accurately record time worked by Plaintiff and the Employee Class members by not accurately recording the time when the Employee Class members were under Defendants control. Defendants thus failed to pay Plaintiff and the Class members for all hours worked, and also provided them with inaccurate wage statements that prevented Plaintiff and the Class from learning of these unlawful pay practices. Defendants also failed to provide Plaintiff and the Class with lawful meal and rest periods, as employees were not provided with the opportunity to take the timely, uninterrupted, and duty-free meal periods and rest breaks required under the Labor Code.

## THE PARTIES

### A.      The Plaintiff

4.      Plaintiff Jesse Rodriguez has resided in Santa Clara County, and during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly employee within the State of California at Defendants' facilities and offices in San Jose, California.

### B.      The Defendants

5.      Defendant BCFORWARD RAZOR LLC ("BCFORWARD") is an Indiana limited liability company with its principle executive offices in Indianapolis, Indiana, and has been listed as the employer on the wage statements issued to Plaintiff during the relevant time period. BCFORWARD does not list a California address with the California Secretary of State, but upon information and belief, employs Plaintiff and the Class members in Santa Clara County, including at Defendants' offices and facilities in San Jose, California, and throughout California and conducts business throughout California and the United States.

6.      Defendant BUCHER AND CHRISTIAN CONSULTING, INC. ("B&CC) is an Indiana Corporation which lists its principal executive offices in Indianapolis, Indiana. It describes is type of business with the California Secretary of State as "IT Consulting and Staffing" and does not list a California address. Upon information and belief, B&CC does business as "BCFORWARD" providing consulting, outsourcing, and staff augmentation services to customers

1  throughout Santa Clara County, California, and throughout the United States, and Plaintiff and the

2  similarly situated Class members were jointly employed by Defendants BCFORWARD and

3  B&CC, including at Defendants' facilities in San Jose, California.

4         7.     The true names and capacities, whether individual, corporate, associate, or

5  whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently

6  unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of

7  Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants

8  designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in

9  some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend

10  this Complaint to reflect the true names and capacities of the Defendants designated herein as

11  Does 1 through 50 when their identities become known.

12         8.     Plaintiff is informed and believes and thereon alleges that each Defendant acted in

13  all respects pertinent to this action as the agent of the other Defendants, that Defendants carried

14  out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

15  each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in

16  all respects as the employers or joint employers of Employees. Defendants, and each of them,

17  exercised control over the wages, hours or working conditions of Employees, or suffered or

18  permitted Employees to work, or engaged, thereby creating a common law employment

19  relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly

20  employed the Employees Class members.

21                               **JURISDICTION AND VENUE**

22         9.     This Court has jurisdiction over this Action pursuant to California Code of Civil

23  Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought

24  as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California

25  Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district

26  pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the

27  obligations and liabilities giving rise to this lawsuit occurred at least in part in Santa Clara County

28  and Defendants maintain and operates company offices and facilities in Santa Clara County, and

1  employ Plaintiff and other Class members in Santa Clara County and throughout California.

2  **FACTUAL BACKGROUND**

3        10.      The Employees who comprise the Class, including Plaintiff, are non-exempt

4  employees pursuant to the applicable Wage Order of the IWC and applicable federal regulations.

5  Defendants hire hourly employees who work in non-exempt positions at the direction of

6  Defendants in the State of California. Plaintiff and the Class members were either not paid by

7  Defendants for all hours worked or were not paid at the appropriate minimum, regular and

8  overtime rates. Plaintiff also contends that Defendants failed to pay Plaintiff and the Class

9  members all wages due and owing, made unlawful deductions from their pay, failed to provide

10  timely meal and rest breaks, and failed to furnish accurate wage statements, all in violation of

11  various provisions of the California <u>Labor Code</u> and applicable Wage Orders.

12        11.      Therefore, from four years prior to the filing of this action and continuing through

13  the present and resolution of it, Defendants required the Employee Class members to clock in and

14  out using Defendants' timekeeping system for the beginning and ending times of their work shifts

15  and meal periods, including by requiring them to input these times through Defendants' telephone

16  systems at their work stations. However, in order to reach their work stations, Plaintiff and the

17  Class members had to first pass through a security terminal and be allowed access into the area,

18  putting them well under the Defendants control before beginning their work day.

19        12.      Defendants thus required Plaintiff and the Class members to work off the clock and

20  without compensation, and also required them to perform work attendant to beginning their work

21  shifts before they were clocked in and required to end their work shifts after they were clocked

22  out. For example, Defendants' timekeeping system required Plaintiff, and the Class, to first pass

23  through building security, which required each employee to swipe a security badge with their

24  name and picture on it to pass through, thus daily placing Plaintiff and the Class under the control

25  of the Defendant before they could proceed to their work stations. Once the Plaintiff and the Class

26  members reached their work stations, they then had to boot up their computers to wake them up

27  from their inactive state, before they could manually input their time into Defendants' timekeeping

28  system.

FIRST AMENDED CLASS ACTION COMPLAINT

13.     Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked, and failing to pay minimum wages for all time worked as required by California Law. Defendants thus failed to pay Employees at least minimum wages for all the time they worked for Defendants in violation of the Labor Code and applicable IWC Wage Orders. Additionally, upon information and belief, both the timekeeping system and the hours reflected in Defendants' payroll system are capable of recording time entries to the minute, yet Defendants have unlawfully implemented a requirement for Plaintiff and the employee Class members to first go through security before being able to record their time. This unlawful off the clock work addressed also resulted in overtime hours accruing earlier than when Defendants started paying them in a work shift.

14.     By implementing policies, programs, practices, procedures and protocols which resulted in the systematic underpayment of wages to Class members, including underpayment of overtime pay by Class members down to their detriment and required off the clock work, Defendants' willful actions resulted in the systematic underpayment of wages to Class members, including underpayment of overtime pay to Class members over a period of time. Defendants also required Plaintiff and the Class members to work performing job duties while off the clock and without pay.

15.     As a result of the above and requirements to work off the clock, the daily work demands and pressures to work through breaks, and the other wage violations they endured at Defendants' hands, Plaintiff and the Class members were not properly paid for all wages earned and for all wages owed to them by Defendants, including when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week.

16.     As a result of Defendants' unlawful policies and practices, Plaintiff and Class members incurred overtime hours worked for which they were not adequately and completely compensated, in addition to the hours they were required to work off the clock. To the extent applicable, Defendants also failed to pay Plaintiff and the Class members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and

overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the <u>Labor Code</u> and applicable IWC Wage Orders.

17.     Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants thus had a consistent policy or practice of failing to pay Employees for all hours worked. Also, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants also had a consistent policy or practice of failing to pay Employees their true and correct overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of <u>Labor Code</u> § 510 and the corresponding sections of IWC Wage Orders.

18.     Additionally, Defendants failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other Class members as required by the applicable Wage Order and <u>Labor Code</u>. Defendants did not have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other Class members. Plaintiff and other Class members were required to perform work as ordered by Defendants for more than five (5) hours during a shift, but were often required to do so without receiving a lawful and timely meal break. In fact, not only did Defendants follow a practice of under-reporting hours worked in a manner that would impact when Employees were to receive meal and off-duty rest periods, resulting in meal and rest periods that were either provided late, were impermissibly shortened, or were interrupted by work demands, but Defendants did not provide a regular schedule as to when such breaks could be taken. This often resulted in breaks being taken, if at all, towards the latter portion of a work shift, and generally later than five (5) hours into the shift.

19.     More specifically, Plaintiff and the Class members were generally scheduled to work five (5) days a week on shifts of eight (8) hours on the clock, from 9:00 a.m. to 6:00 p.m., including one (1) hour off the clock for an alleged meal period. However, due to Defendants'

customer service support structure, and the day to day demands Defendants and their management placed upon them, Plaintiff and the Class members did not take a lunch, on average until around 3:00 p.m. through 4:00 p.m. Once a customer calls, Defendants give Plaintiff and the Class members a specific time frame in which they need to respond to said customer before exceeding an allocated amount of time. Thus each Employee must manage his or her customers to conform to this response schedule, while Defendants policies and practices prioritized customer response and resolution time over timely meal periods. Therefore, meal periods were provided to Employees like Plaintiff, if at all, at a point in time falling later than five (5) hours into a work shift, and these untimely meal periods will be evidenced by each Employee's timekeeping records.

20.     In addition to these untimely meal periods, Defendants also required Employees to respond to work demands during meal periods or otherwise provided shortened ones, as addressed above. More specifically, as building security requires an Employee badge to enter through it, any rest or meal break that involves leaving the immediate premises requires an employee to first enter the designated code into their timecard system before proceeding to pass through building security. Therefore, the Employee Class members remained under the Defendants' control from the time of their timecard entry to when they pass through building security and swipe their badge, or vice-versa. The time punches for this badge data would, for all intents and purposes, more accurately reflect the time Employees in the Class began and finished their eight (8) hour day. Furthermore, on a regular basis, Defendants prioritized project start times over providing Employees in the Class with uninterrupted duty-free meal breaks of at least thirty (30) minutes in duration.

21.     Upon information and belief, on the occasions when Employees in the Class worked more than ten (10) hours in a shift, Defendants failed to provide them with a second, uninterrupted, timely and duty-free meal period. As a result, Defendants' failure to provide the Plaintiff and the Class members with all the legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is and will be evidenced by Defendants' business records, or lack thereof.

22.     Therefore, from at least four (4) years prior to the filing of this lawsuit and

FIRST AMENDED CLASS ACTION COMPLAINT

continuing to the present, Defendants have regularly required Employees to work shifts in excess of five (5) hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes, and shifts in excess of ten (10) hours without providing them with second meal periods of not less than thirty minutes; nor did Defendants pay Employees "premium pay," i.e. one hour of wages at each Employee's effective hourly rate of pay, for each meal period that Defendants failed to provide or deficiently provided. Meal period violations thus occurred in one or more of the following manners:

       a.   Class members were not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, <u>Labor Code</u> §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

       b.   Class members were not provided second full thirty-minute duty free meal periods for work days in excess of ten (10) hours;

       c.   Class members were required to work through at least part of their daily meal period(s);

       d.   Meal periods were provided after five hours of continuous work during a shift; and

       e.   Class members were restricted in their ability to take a full thirty-minute meal period;

    23.    Plaintiff and the similarly situated Class members were regularly required by Defendants to work through or during their breaks; and were not provided with one hour's wages in lieu thereof. Class members were also restricted in their ability to take their full ten (10) minutes net rest time or were otherwise not provided with duty-free rest periods. On occasions when Class members worked over ten (10) hour shifts, they were, upon information and belief, not authorized and permitted to take at third timely and uninterrupted, duty-free rest break. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently failed to provide Employees with paid rest breaks of not less than ten (10) minutes for every work period of four (4) or more consecutive hours; or major fraction thereof,

FIRST AMENDED CLASS ACTION COMPLAINT

1  nor did Defendant pay Employees premium pay for each day on which requisite rest breaks were

2  not provided or were deficiently provided.

3      24.    Rest period violations therefore arose in one or more of the following manners:

4          a.    Class members were required to work without being provided a minimum ten

5              minute rest period for every four (4) hours or major fraction thereof worked and

6              were not compensated one (1) hour of pay at their regular rate of compensation

7              for each workday that a rest period was not provided; and

8          b.    Class members, due to the busy work environment, were restricted in their

9              ability to take timely off-duty rest breaks which in turn were often provided at

10              the end of a shift instead of every four hours worked, or major fraction thereof.

11      25.    From at least four (4) years prior to filing this lawsuit and continuing to the present,

12  Defendants have thus also had a consistent policy of failing to pay all wages owed to Employees

13  at the time of their termination of within seventy-two (72) hours of their resignation, as required

14  by California wage-and-hour laws.

15      26.    Furthermore, Defendants have also failed to list, or to accurately list, the name of

16  the employer on wage statements issued to Plaintiff and the Class members in violation of Labor

17  Code 226(a)(8), requiring the wage statements to list "the name and address of the legal entity that

18  is the employer." More specifically, the wage statements issued to Plaintiff and the similarly

19  situated Class members listed either "BCForward Razor, LLC" or "BCForwar Razor LLC" as the

20  employer, yet the address for BCForward Razor, LLC is the address for B&CC. BCForward

21  Razor, LLC, upon information and belief, has an address separate to that of B&CC. Plaintiff has

22  no understanding or idea of who these entities are and simply believes he is employed by an entity

23  named "BCForward." However, BCForward is, upon information and belief, a dba of B&CC,

24  which is omitted from the wage statements, not BCForward Razor, LLC, which is listed on the

25  wage statements. This has lead to a sense of confusion and uncertainty as whom Plaintiff and the

26  Class is truly employed by.

27      27.    In light of the foregoing, Employees bring this action pursuant to, *inter alia*, Labor

28  Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 221, 226, 226.7, 510, 512, 558, 1174, 1174.5,

FIRST AMENDED CLASS ACTION COMPLAINT

1  1182, 1185, 1194, 1194.2, 1197, 1198, 1199, 2699, and California Code of Regulations, Title 8,

2  section 11000 *et seq.*,

3          28.     Furthermore, pursuant to <u>Business and Professions Code</u> §§ 17200-17208,

4  Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have

5  enjoyed from their violations of <u>Labor Code</u> and the other unfair, unlawful, or fraudulent practices

6  alleged in this Complaint.

7          29.     The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.*

8  ("FLSA"), provides for minimum standards for both minimum and regular wages and overtime

9  entitlement, and details administrative procedures by which covered work time must be

10 compensated. The enactment of the provisions of the FLSA provide the Courts with substantial

11 authority to stamp out abuses and enforce the minimum wage and overtime pay provisions at issue

12 in this Complaint. According to Congressional findings, the existence of labor conditions

13 detrimental to the maintenance of the minimum standard of living engenders unfair commercial

14 competition, labor disputes, and barriers to commerce and the free flow of goods in commerce,

15 and interferes with the orderly and fair marketing of goods. Also, under the FLSA, including 29

16 U.S.C. § 211(c), every employee is entitled to receive accurate itemized wage statements along

17 with their paychecks. These wage statements must specify: the employee's hourly rate; the pay

18 period; the number of hours the employee worked in that pay period; the total wages paid, and any

19 deductions made to the employee's wages, among other requirements. Defendants violated the

20 FLSA with the above described unlawful wage payment practices, including by not paying

21 Employees for all hours worked at the required minimum and regular wage and for all overtime

22 for hours worked over 40 in a workweek.

23                    **CLASS AND COLLECTIVE ALLEGATIONS**

24          30.     Plaintiff brings this class action on behalf of himself an all others similarly situated

25 pursuant to <u>Code of Civil Procedure</u> § 382. Plaintiff seeks to represent a Class (or "the Class" or

26 "Class members") defined as follows: "All individuals employed by Defendants at any time

27 during the period of four (4) years prior to the filing of this lawsuit and ending on a date as

28 determined by the Court ("the Class Period"), and who have been employed by Defendants as

non-exempt, hourly employees within the State of California."

31.     Further, Plaintiff seeks to represent the following Subclasses composed of and defined as follows:

     a.  Subclass 1.  Minimum Wages Subclass.  All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

     b.  Subclass 2.  Wages and Overtime Subclass.  All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

     c.  Subclass 3.  Meal Period Subclass.  All Class members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

     d.  Subclass 4.  Rest Break Subclass.  All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

     e.  Subclass 5.  Wage Statement Subclass. All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

     f.  Subclass 6.  Unauthorized Deductions from Wages Subclass. All Class members who were subject to Defendants' policy and/or practice of automatically deducting 30-minutes worth of wages from Employees for alleged meal periods they were denied and/or by understating the hours worked by Employees and/or by deducting uniform expenses from their wages.

     g.  Subclass 7.  Termination Pay Subclass. All Class members who, within the

FIRST AMENDED CLASS ACTION COMPLAINT

1    applicable limitations period, either voluntarily or involuntarily separated from

2    their employment and were subject to Defendants' policy and/or practice of

3    failing to timely pay wages upon termination.

4    h.   Subclass 8.  UCL Subclass.  All Class members who are owed restitution as a

5    result of Defendants' business acts and practices, to the extent such acts and

6    practices are found to be unlawful, deceptive, and/or unfair.

7    32.    Plaintiff also brings this action pursuant to 29 U.S.C. § 216 on behalf of a

8    collective defined as: "All current and former hourly, non-exempt employees who were employed

9    by Defendants for providing administrative, product, and customer service at any time during the

10   period of three (3) years prior to the filing of this lawsuit and ending on a date as determined by

11   the Court" (the "FLSA Collective"). The FLSA Collective Members include all of Defendants'

12   current and former customer service non-exempt hourly employees who worked based out of any

13   of Defendants' locations throughout the United States, including in California. Defendants are

14   liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and FLSA Collective

15   members for all hours worked and failing to maintain and provide accurate records of all hour

16   worked and corresponding pay rates.

17   33.    Plaintiff reserves the right under California Rule of Court 3.765 to amend or

18   modify the class description with greater particularity or further division into subclasses or

19   limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class

20   against Defendants, the Class Period should be adjusted accordingly.

21   34.    Defendants, as a matter of company policy, practice and procedure, and in violation

22   of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements,

23   and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged

24   in a practice whereby Defendants failed to correctly calculate compensation for the time worked

25   by the Plaintiff and the other members of the Class, even though Defendants enjoyed the benefit of

26   this work, required employees to perform this work and permitted or suffered to permit this work.

27   Defendants have uniformly denied these Class members wages to which these employees are

28   entitled, and failed to provide meal periods or authorize and permit rest periods, in order to

1 unfairly cheat the competition and unlawfully profit.

2       35.      This action has been brought and may properly be maintained as a class action

3 under the provisions of Code of Civil Procedure § 382 because there is a well-defined community

4 of interest in litigation and proposed Class is easily ascertainable.

5       **A.      Numerosity**

6       36.      The potential members of the Class as defined are so numerous that joinder of all

7 the members of the Class is impracticable. While the precise number of Class members has not

8 been determined at this time, Plaintiff is informed and believes that Defendants employ or, during

9 the time period relevant to this lawsuit, employed hundreds of Employees who satisfy the Class

10 definition within the State of California.

11       37.      Accounting for employee turnover during the relevant time period increases this

12 number substantially. Plaintiff alleges that Defendants' employment records will provide

13 information as to the number and location of all class members.

14       **B.      Commonality**

15       38.      There are questions of law and fact common to the Class that predominate over any

16 questions affecting only individual Class members. These common questions of law and fact

17 include:

18             a.      Whether Defendants failed to pay Employees minimum wages;

19             b.      Whether Defendants failed to pay Employees wages for all hours worked;

20             c.      Whether Defendants failed to pay Employees overtime as required under

21                    Labor Code § 510;

22             d.      Whether Defendants violated Labor Code §§ 226.7 and 512, and the

23                    applicable IWC Wage Orders, by failing to provide Employees with

24                    requisite meal periods or premium pay in lieu thereof;

25             e.      Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC

26                    Wage Orders, by failing to authorize and permit Employees to take requisite

27                    rest breaks or provide premium pay in lieu thereof;

28             f.      Whether Defendants violated Labor Code § 226(a) by providing Employees

- 14 -
FIRST AMENDED CLASS ACTION COMPLAINT

with inaccurate wage statements;

g.      Whether Defendants violated <u>Labor Code</u> § 221 by unlawfully deducting from wages;

h.      Whether Defendants violated <u>Labor Code</u> § 204 by failing to timely pay wages;

i.      Whether Defendants violated <u>Labor Code</u> §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

j.      Whether Defendants' conduct was willful;

k.      Whether Defendants violated <u>Labor Code</u> § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class members' earned wages and work periods;

l.      Whether Defendants violated <u>Labor Code</u> § 1194 by failing to compensate all Employees during the relevant time period for all hours worked, whether regular or overtime;

m.      Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*;

n.      Whether Employees are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq.*

o.      Whether Defendants are liable for penalties under Labor Code § 2699, *et seq.*

**C.      Typicality**

39.      The claims of the named Plaintiff are typical of those of the other Employees. The Employee Class members all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

///

///

**D.      Adequacy of Representation**

40.      Plaintiff will fairly and adequately represent and protect the interest of the Employees. Counsel who represents the Employees are experienced and competent in litigating employment class actions.

**E.      Superiority of Class Action**

41.      A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

42.      As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class members. Further, as the economic or other loss suffered by vast numbers of Class members may be relatively small, the expense and burden of individual actions makes it difficult for the Class members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Employees to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

43.      Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment. Plaintiff contemplates the eventual issuance of notice to the proposed Class members that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

44.     Defendants, as a prospective and actual employer of the Employees, had a special fiduciary duty to disclose to prospective Class members the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon the similarly situated Employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on the Employees and Class as a whole.

45.     Plaintiff and the Employees in the Class did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiff's and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and federal law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiff and the Class members discovered their claims.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

46.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

47.     Defendants failed to pay Employees in the Class minimum wages for all hours worked. Defendants had a consistent policy of misstating Employees' time records and failing to pay Employees for all hours worked. Employees would work hours and not receive wages, including as alleged above in connection with off the clock work. Defendants required Employees in the Class to perform work attendant to beginning their work shifts before they were clocked in and required to end their work shifts after they were clocked out. For example, Defendants' timekeeping system required Plaintiff, and the Class, to first pass through building security, which required each employee to swipe a security badge with their name and picture on it to pass

1   through, thus daily placing Plaintiff and the Class under the control of the Defendant before they

2   could proceed to their work stations. Once the Plaintiff and the Class members reached their work

3   stations, they then had to boot up their computers to wake them up from their inactive state, before

4   they could manually input their time into Defendants' timekeeping system.

5        48.     Therefore, during the relevant time period, Defendants regularly failed to pay

6   minimum wages to Plaintiff and the Class members. Additionally, Defendants had a consistent

7   policy of failing to pay Employees for hours worked during alleged meal and rest periods for

8   which Employees were consistently denied, as also addressed herein. Defendants' uniform pattern

9   of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a

10   whole, as a result of implementing a uniform policy and practice that denied accurate

11   compensation to Plaintiff and the other members of the Class as to minimum wage pay.

12        49.     In California, employees must be paid at least the then applicable state minimum

13   wage for all hours worked. (IWC Wage Order MW-2014). Additionally, pursuant to California

14   Labor Code § 204, other applicable laws and regulations, and public policy, an employer must

15   timely pay its employees for all hours worked. Defendants failed to do so.

16        50.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

17   "The minimum wage for employees fixed by the commission is the minimum wage to be paid to

18   employees, and the payment of a less wage than the minimum so fixed is unlawful."

19        51.     The applicable minimum wages fixed by the commission for work during the

20   relevant period is found in the Wage Orders. The minimum wage provisions of California Labor

21   Code are enforceable by private civil action pursuant to Labor Code § 1194(a) which states:

22   "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the

23   legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

24   recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

25   compensation, including interest thereon, reasonable attorney's fees and costs of suit."

26        52.     As described in California Labor Code §§ 1185 and 1194.2, any action for wages

27   incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also,

28   California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage

1    Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for

2    all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may

3    be used as a credit against a minimum wage obligation.

4         53.    In committing these violations of the California <u>Labor Code</u>, Defendants

5    inaccurately recorded or calculated the correct time worked and consequently underpaid the actual

6    time worked by Plaintiff and other members of the Class. Defendants acted in an illegal attempt to

7    avoid the payment of all earned wages, and other benefits in violation of the California <u>Labor</u>

8    <u>Code</u>, the Industrial Welfare Commission requirements and other applicable laws and regulations.

9    As a result of these violations, Defendant also failed to timely pay all wages earned in accordance

10   with California <u>Labor Code</u> § 1194.

11        54.    California <u>Labor Code</u> § 1194.2 also provides for the following remedies: "In any

12   action under Section 1194 . . . to recover wages because of the payment of a wage less than the

13   minimum wages fixed by an order of the commission, an employee shall be entitled to recover

14   liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

15        55.    In addition to restitution for all unpaid wages, pursuant to California <u>Labor Code</u> §

16   1197.1, Plaintiff and Class members are entitled to recover a penalty of $100.00 for the initial

17   failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to

18   pay each employee minimum wages.

19        56.    Pursuant to California <u>Labor Code</u> § 1194.2, Plaintiff and Class members are

20   further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and

21   interest thereon.

22        57.    Defendants have the ability to pay minimum wages for all time worked and have

23   willfully refused to pay such wages with the intent to secure for Defendants a discount upon this

24   indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

25        58.    Wherefore, Plaintiff and the Employee Class members are entitled to recover the

26   unpaid minimum wages (including double minimum wages), liquidated damages in an amount

27   equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees

28   and costs of suit pursuant to California <u>Labor Code</u> § 1194(a). Plaintiff and the other members of

FIRST AMENDED CLASS ACTION COMPLAINT

1    the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs,

2    as well as the assessment of any statutory penalties against Defendants, in a sum as provided by

3    the California <u>Labor Code</u> and/or other applicable statutes. To the extent minimum wage

4    compensation is determined to be owed to the Class members who have terminated their

5    employment, Defendants' conduct also violates <u>Labor Code</u> §§ 201 and/or 202, and therefore

6    these individuals are also be entitled to waiting time penalties under California <u>Labor Code</u> § 203,

7    which penalties are sought herein on behalf of these Class members. Defendants' failure to timely

8    pay all wages owed also violated <u>Labor Code</u> § 204 and resulted in violations of <u>Labor Code</u> §

9    226 because they resulted in the issuance of inaccurate wage statements. Defendants' conduct as

10   alleged herein was willful, intentional and not in good faith. Further, Plaintiff and other Class

11   members are entitled to seek and recover statutory costs.

12                                  **SECOND CAUSE OF ACTION**

13           **FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

14                                      **(Against All Defendants)**

15           59.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

16   full herein.

17           60.     California <u>Labor Code</u> § 1194 provides that "any employee receiving less than the

18   legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

19   recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

20   compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action

21   may be maintained directly against the employer in an employee's name without first filing a

22   claim with the Department of Labor Standards and Enforcement.

23           61.     Defendants failed to pay Employees in the Class overtime wages for all hours

24   worked. Defendants had a consistent policy of misstating Employees' time records and failing to

25   pay Employees for all hours worked. Employees would work hours and not receive wages,

26   including as alleged above in connection with off the clock work. Defendants required Employees

27   in the Class to perform work attendant to beginning their work shifts before they were clocked in

28   and required to end their work shifts after they were clocked out. For example, Defendants'

1    timekeeping system required Plaintiff, and the Class, to first pass through building security, which

2    required each employee to swipe a security badge with their name and picture on it to pass

3    through, thus daily placing Plaintiff and the Class under the control of the Defendant before they

4    could proceed to their work stations. Once the Plaintiff and the Class members reached their work

5    stations, they then had to boot up their computers to wake them up from their inactive state, before

6    they could manually input their time into Defendants' timekeeping system.

7         62.    By their conduct, as set forth herein and above, Defendants violated California

8    Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay

9    Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8)

10   hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours

11   worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for

12   hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of

13   eight (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of

14   not paying Employees wages for all hours worked, including by requiring off the clock work.

15        63.    Defendants had a consistent policy of not paying Employees wages for all hours

16   worked. Defendants, and each of them, by requiring Plaintiff and the Class members to be subject

17   to Defendants control before being able to clock in using Defendants time-keeping system, caused

18   them to work off the clock in order to avoid paying Plaintiff and the Class members all earned and

19   owed straight time and overtime wages and other benefits, in violation of the California Labor

20   Code, the California Code of Regulations and the IWC Wage Orders and guidelines set forth by

21   the Division of Labor Standards and Enforcement. Defendants have also violated these provisions

22   by requiring Plaintiff and other similarly situated non-exempt employees to work through meal

23   periods when they were required to be clocked out or to otherwise work off the clock to complete

24   their daily job duties or to attend and participate in company required activities. Therefore,

25   Employees were not properly compensated, nor were they paid overtime rates for hours worked in

26   excess of eight hours in a given day, and/or forty hours in a given week. Based on information and

27   belief, Defendants did not make available to Employees a reasonable protocol for correcting time

28   records when Employees worked overtime hours or to fix incorrect time entries. Defendants have

FIRST AMENDED CLASS ACTION COMPLAINT

1   also violated these provisions by requiring Plaintiff and other similarly situated Employees in the

2   Class to work through meal periods when they were required to be clocked out or to otherwise

3   work off the clock to complete their daily job duties.

4         64.    Defendants' failure to pay Plaintiff and the Class members the unpaid balance of

5   regular wages owed and overtime compensation, as required by California law, violates the

6   provisions of <u>Labor Code</u> §§ 510 and 1198, and is therefore unlawful.

7         65.    Additionally, <u>Labor Code</u> § 558(a) provides "any employer or other person acting

8   on behalf of an employer who violates, or causes to be violated, a section of this chapter or any

9   provisions regulating hours and days of work in any order of the IWC shall be subject to a civil

10  penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each

11  pay period for which the employee was underpaid in addition to an amount sufficient to recover

12  underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each

13  underpaid employee for each pay period for which the employee was underpaid in addition to an

14  amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall

15  be paid to the affected employee." <u>Labor Code</u> § 558(c) states, "the civil penalties provided for in

16  this section are in addition to any other civil or criminal penalty provided by law." Defendants

17  have violated provisions of the <u>Labor Code</u> regulating hours and days of work as well as the IWC

18  Wage Orders. Accordingly, Plaintiff and the Class members seek the remedies set forth in <u>Labor</u>

19  <u>Code</u> § 558.

20        66.    Defendants' failure to pay compensation in a timely fashion also constituted a

21  violation of California <u>Labor Code</u> § 204, which requires that all wages shall be paid

22  semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct

23  violation of that provision of the California Labor Code, Defendants have failed to pay all wages

24  and overtime compensation earned by Employees. Each such failure to make a timely payment of

25  compensation to Employees constitutes a separate violation of California <u>Labor Code</u> § 204.

26        67.    Employees have been damaged by these violations of California <u>Labor Code</u> §§

27  204 and 510 (and the relevant orders of the Industrial Welfare Commission).

28        68.    Consequently, pursuant to California <u>Labor Code</u>, including <u>Labor Code</u> §§ 204,

510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the <u>Labor Code</u> and/or other statutes.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY WAGES UNDER THE FLSA

#### (Against All Defendants)

69.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

70.     At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

71.     Plaintiff is informed and believes, and thereon alleges, that Defendants have required the Plaintiff and FLSA collective Employees as part of their employment to work off the clock and for less than minimum wage under 29 U.S.C. § 206(a)(1). That Section provides the following:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
> (1)  except as otherwise provided in this section, not less than—
> (A)     $5.85 an hour, beginning on the 60th day after May 25, 2007;
> (B)     $6.55 an hour, beginning 12 months after that 60th day; and
> (C)     $7.25 an hour, beginning 24 months after that 60th day;…

72.     Plaintiff is informed and believes, and thereon alleges, that certain or all of the Employees were not exempt employees under the FLSA's overtime provisions and that Defendants also required Plaintiff and requires the FLSA collective Employees to work without overtime in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following: "Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is

1  not less than one and one-half times the regular rate at which he is employed."

2  73.    In the performance of their duties for Defendants, Employees as members of the

3  FLSA collective often did work off the clock and over forty (40) hours per week, had overtime

4  underpaid by Defendants' policy of failing to apply a weighted average to determine the regular

5  rate used to calculate and pay overtime compensation, and did not receive minimum wages and

6  other required compensation for the work, labor and services they provided to Defendants, as

7  required by the FLSA, 29 U.S.C. §§ 206 and 207 and as addressed in detail above.

8  74.    At all times relevant to this action, Plaintiff was an "employee" of Defendants

9  within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA. At all times relevant to this action,

10  Defendants "suffered or permitted" Plaintiff and the FLSA Collective Members to work and thus

11  "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA. At all times relevant to

12  this action, Defendants required Plaintiff and FLSA Collective Members to perform work under

13  Defendants employ but failed to pay them the federally mandated wages and overtime

14  compensation for all services performed. Also, under the FLSA, including 29 U.S.C. § 211(c),

15  every employee is entitled to receive accurate itemized wage statements along with their

16  paychecks detailing the hours worked during the pay period and the corresponding wages and

17  rates paid, and employers must maintain records of timekeeping punch in and out records for

18  shifts and meal periods. Despite having systems which permitted them to so, Defendants failed

19  maintain these records in violation of the FLSA, and Section 226 of the California Labor Code, as

20  addressed herein.

21  75.    The precise amount of unpaid wages and unpaid hours will be proven at trial, as

22  will the extent of the geographic scope of the FLSA Collective, as Defendants maintain operations

23  in California but also in other states throughout the United States. Upon information and belief,

24  Employees of Defendants in other states besides California were also subject to the same uniform

25  and unlawful company policies and practices as were the members of the FLSA Collective

26  employed based out of California, as addressed herein.

27  76.    The FLSA also imposes a record-keeping requirement on employers, including the

28  obligation to keep accurate records of all hours worked by employees. Defendants have knowingly

1   and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records

2   of all hours worked by Plaintiff and FLSA Collective Members. By failing to record, report,

3   and/or preserve records of all hours worked by Plaintiff and the FLSA Collective Members,

4   Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq*.

5       77.     Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class

6   members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and

7   to provide them with the opportunity to join this action as Plaintiff, pursuant to 29 U.S.C. §

8   216(b), by filing written consents to joinder with the Court.

9       78.     Defendants' violations of the FLSA, as addressed herein, were willful within the

10  meaning of the statue and interpretive case law and decisions.

11      79.     Plaintiff seeks judgment against Defendants on his own behalf and on behalf of

12  those FLSA collective employees similarly situated who file written consents to joinder in this

13  action, for all unpaid wages, including minimum and overtime wages owed by Defendants,

14  pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as

15  liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29

16  U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent

17  jurisdiction by any one or more employees for and in behalf of himself or themselves and other

18  employees similarly situated."

19                          **FOURTH CAUSE OF ACTION**

20              **MEAL BREAK LIABILITY UNDER LABOR CODE § 226.7**

21                          **(Against All Defendants)**

22      80.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

23  full herein.

24      81.     Employees regularly worked shifts greater than five (5) hours and in some

25  instances, greater than ten (10) hours. Pursuant to Labor Code § 512 an employer may not employ

26  someone for a shift of more than five (5) hours without providing him or her with a meal period of

27  not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or

28  her with a second meal period of not less than thirty (30) minutes.

82. Plaintiff and the Class members were generally scheduled to work five days a week on shifts of eight (8) hours on the clock, from 9:00 a.m. to 6:00 p.m., including one (1) hour off the clock for an alleged meal period. Yet, because of the customer service support structure, and the day to day demands Defendants and their management placed upon them, Plaintiff and the Class members were not provided with the opportunity to take a meal period until generally around 3:00 p.m. through 4:00 p.m. As discussed more fully above, Defendants created a work environment where the needs of the client came first and Defendants prioritized response and resolution time over timely meal periods. Therefore, meal periods were provided to Employees like Plaintiff, if at all, at a point in time falling later than five (5) hours into a work shift.

83. Defendants failed to provide Employees with meal periods as required under the Labor Code. Employees received short meal periods as addressed above, were often required to work during their meal periods or were provided with them after working beyond the fifth hour of their shifts. Furthermore, upon information and belief, on the occasions when Employees worked more than 10 hours in a given shift, they did so without receiving a second uninterrupted thirty (30) minute meal period as required by law.

84. Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraph 11 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7.

85. Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and other statutes.

///

FIRST AMENDED CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

**REST BREAK LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

86.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

87.     Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) work hours, or major fraction thereof.

88.     Employees consistently worked consecutive eight (8) hour shifts and were generally required to work shifts of greater than eight (8) hours total, thus requiring Defendants to authorize and permit them to take rest periods. Pursuant to the Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour or longer shift. Defendants failed to provide Employees with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hours of work. Furthermore, upon information and belief, on the occasions when Employees worked more than ten (10) hours in a given shift, they did so without receiving a third uninterrupted ten (10) minute rest break as required by law.

89.     Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

90.     Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiff and the Class members in violation of Labor Code §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

91.     Defendants failed to authorize and permit Plaintiff and the Class members to take rest periods, as required by the Labor Code. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's effective hourly rate for each day that

92.     Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7.

93.     Therefore, pursuant to Labor Code § 226.7 and paragraph 12 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

### SIXTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226(a)

### (Against All Defendants)

94.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

95.     California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

96.     Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the Labor Code. Specifically, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove.

97.     Defendants failed to provide its Employees with accurate itemizes wage statements because the wage statements issued to Plaintiff and the similarly situated Class members listed either "BCForward Razor, LLC" or "BCForwar Razor LLC" as the employer, yet the address for BCForward Razor, LLC is the address for B&CC. BCForward Razor, LLC, upon information and

- 28 -

1   belief, has an address separate to that of B&CC. Plaintiff has no understanding or idea of who

2   these entities are.

3         98.      Throughout the liability period, Defendants intentionally failed to furnish to

4   Plaintiff and the Class members, upon each payment of wages, itemized statements accurately

5   showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-

6   rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net

7   wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of

8   the employee and only the last four digits of his or her social security number or an employee

9   identification number other than a social security number, (8) the name and address of the legal

10  entity that is the employer and (9) all applicable hourly rates in effect during the pay period and

11  the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor

12  Code § 226, amongst other statutory requirements. Defendants knowingly and intentionally failed

13  to provide Plaintiff and the Class members with such timely and accurate wage and hour

14  statements.

15        99.      Plaintiff and the Class members suffered injury as a result of Defendants' knowing

16  and intentional failure to provide them with the wage and hour statements as required by law and

17  are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the

18  Defendants have failed to provide a wage statement, failed to provide accurate and complete

19  information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and

20  the Plaintiff and Class members cannot promptly and easily determine from the wage statement

21  alone one or more of the following: (i) The amount of the gross wages or net wages paid to the

22  employee during the pay period or any of the other information required to be provided on the

23  itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii)

24  Which deductions the employer made from gross wages to determine the net wages paid to the

25  employee during the pay period, (iii) The name and address of the employer and, (iv) The name of

26  the employee and only the last four digits of his or her social security number or an employee

27  identification number other than a social security number. For purposes of Labor Code § 226(e)

28  "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be

FIRST AMENDED CLASS ACTION COMPLAINT

1    able to readily ascertain the information without reference to other documents or information.

2        100.    Therefore, as a direct and proximate cause of Defendants' violation of <u>Labor Code</u>

3    § 226(a), Employees suffered injuries, including among other things confusion over whether they

4    received all wages owed them, the difficulty and expense involved in reconstructing pay records,

5    and forcing them to make mathematical computations to analyze whether the wages paid in fact

6    compensated them correctly for all hours worked.

7        101.    Pursuant to <u>Labor Code</u> §§ 226(a) and 226(e), Employees are entitled to recover

8    the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

9    occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not

10   exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an

11   award of costs and reasonable attorneys' fees.

12                    **<u>SEVENTH CAUSE OF ACTION</u>**

13                   **VIOLATION OF LABOR CODE § 221**

14                       **(Against All Defendants)**

15       102.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

16   full herein.

17       103.    <u>Labor Code</u> § 221 provides, "It shall be unlawful for any employer to collect or

18   receive from an employee any part of wages theretofore paid by said employer to said employee."

19   Additionally, pursuant to California <u>Labor Code</u> § 204, other applicable laws and regulations, and

20   public policy, an employer must timely pay its employees for all hours worked. Defendants failed

21   to do so.

22       104.    Defendants unlawfully received and/or collected wages from the Employees in the

23   Class by implementing a policy of automatically deducting vested wages for meal periods that

24   were not provided from Employees, as well as by understating the hours worked by Employees as

25   alleged above.

26       105.    As a direct and proximate cause of the unauthorized deductions, Employees have

27   been damaged, in an amount to be determined at trial.

28   ///

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(Against All Defendants)**

106.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

107.    Numerous Employees are no longer employed by Defendants; they either quit Defendants' employ or were fired there from.

108.    Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

109.    The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation of employment.

110.    Defendants failed to pay the Class members without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all regular and overtime wages, including by failing to pay for all hours worked or requiring off the clock work all to the detriment of Employees. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

111.    Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles these Employees to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

**NINTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**(Against All Defendants)**

112.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

113.    Plaintiff, on behalf of himself, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the

1  general public. Plaintiff seeks to enforce important rights affecting the public interest within the

2  meaning of Code of Civil Procedure § 1021.5.

3      114.    Plaintiff is a "person" within the meaning of Business & Professions Code

4  § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive

5  relief, restitution, and other appropriate equitable relief.

6      115.    Business & Professions Code § 17200 et seq. prohibits unlawful and unfair

7  business practices. By the conduct alleged herein, Defendants' practices were deceptive and

8  fraudulent in that Defendants' policy and practice failed to provide the required amount of

9  compensation for missed meal and rest breaks, and failed to adequately compensate Plaintiff and

10 Class members for all hours worked, due to systematic business practices as alleged herein that

11 cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare

12 Commission requirements in violation of California Business and Professions Code §§ 17200, et

13 seq., and for which this Court should issue injunctive and equitable relief, pursuant to California

14 Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

15     116.    Wage-and-hour laws express fundamental public policies. Paying employees their

16 wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental

17 public policies of California. Labor Code § 90.5(a) articulates the public policies of this State

18 vigorously to enforce minimum labor standards, to ensure that employees are not required or

19 permitted to work under substandard and unlawful conditions, and to protect law-abiding

20 employers and their employees from competitors who lower costs to themselves by failing to

21 comply with minimum labor standards.

22     117.    Defendants have violated statutes and public policies. Through the conduct alleged

23 in this Complaint Defendants have acted contrary to these public policies, have violated specific

24 provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in

25 violation of Business & Professions Code § 17200 et seq.; which conduct has deprived Plaintiff,

26 and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges

27 guaranteed to all employees under the law.

28 ///

118.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the <u>Business & Professions Code</u> § 17200 *et seq.*

119.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the <u>Business & Professions Code</u> § 17200 *et seq.*

120.    By the conduct alleged herein, Defendants have engaged and continue to engage in a business practice which violates California and federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, and the California <u>Labor Code</u> including Sections 204, 226, 226.7, 512, 1194, 1197, 1198, and 2802 for which this Court should issue declaratory and other equitable relief pursuant to California <u>Business & Professions Code</u> § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

121.    As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

122.    Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the <u>Business & Professions Code</u>, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the <u>Business & Professions Code</u>, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

### <u>TENTH CAUSE OF ACTION</u>

**PENALTIES PURSUANT TO LABOR CODE § 2699,** *ET SEQ.*

**(Against All Defendants)**

123.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

///

124.    Plaintiffs and Employees are aggrieved employees as defined under <u>Labor Code §</u> <u>2699(c)</u> in that they suffered the violations alleged in this First Amended Complaint and were employed by the alleged violators, Defendants.

125.    Employees seek wages and penalties under Labor Code §§ 2698 and 2699 for Defendants' violation of all Labor Code provisions included under Labor Code § 2699.5 and includes the penalty provisions, without limitation, based on the following California Labor Code sections: <u>201, 202, 203, 204, 226, 226.7, 510, 512, 558, 558.1, 1194, 1194.2, 1194.3, 1197, 1199,</u> <u>2698, and 2699, *et seq.*</u> The penalties shall be allocated as follows: 75% to the Labor and Workforce Development Agency (LWDA) and 25% to the affected employee.

126.    Plaintiffs also seek any and all penalties and remedies set forth in Labor Code § 558, which states:

(a)    Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

(b)    If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.

(c)    The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

127.    The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

128.    Plaintiffs have exhausted their administrative remedy by sending a certified letter to the LWDA and Defendants postmarked on April 30, 2018. The LWDA has not provided notice of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the

FIRST AMENDED CLASS ACTION COMPLAINT

letter.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1.      For an order certifying this action as a class action;

2.      For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3.      For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4.      For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

5.      For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6.      For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7.      For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

8.      For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code § 221, as may be proven;

9.      For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

10.      For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq*., including disgorgement or profits, as may be proven;

11.      For penalties pursuant to Labor Code § 2699, *et seq.*, as may be proven;

12.      For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or

duties adumbrated in this Complaint;

13.     For facilitated Notice under 29 USC § 216(b), compensation pursuant to the FLSA, 29 U.S.C. §§ 201, 206, 207, *et seq*., conditional and final certification of a Collective Action, and for interest on any compensatory damages, and attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b);

14.     For all general, special, and incidental damages as may be proven;

15.     For an award of pre-judgment and post-judgment interest;

16.     For an award providing for the payment of the costs of this suit;

17.     For an award of attorneys' fees; and

18.     For such other and further relief as this Court may deem proper and just.


DATED:  January 25, 2019                     DAVID YEREMIAN & ASSOCIATES, INC.



                                             By   /s/ Jason Rothman
                                                 David Yeremian
                                                 Jason Rothman
                                                 Attorneys for Plaintiff JESSE RODRIGUEZ
                                                 and all others similarly situated

FIRST AMENDED CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2          Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

DATED:  January 25, 2019                                    DAVID YEREMIAN & ASSOCIATES, INC.

4

5

6                                                                                        By   /s/ Jason Rothman
                                                                                              David Yeremian
7                                                                                             Jason Rothman
                                                                                              Attorneys for Plaintiff JESSE RODRIGUEZ
8                                                                                             and all others similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT