DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
David@yeremianlaw.com
Jason Rothman (SBN 304961)
Jason@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

UNITED EMPLOYEES LAW GROUP, PC
Walter Haines (SBN 71075)
whaines@uelg.com
5500 Bolsa Ave., Suite 201
Huntington Beach, CA 92649
Telephone: (310) 652-2242

Attorneys for Plaintiff Jesse Rodriguez,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE RODRIGUEZ, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BCFORWARD RAZOR LLC, an Indiana Limited Liability Company, BUCHER AND CHRISTIAN CONSULTING, INC., an Indiana Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5:18-cv-03219-EJD<br><br>*[Assigned for all purposes to the Honorable Edward J. Davila]*<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, APPROVAL OF CLASS NOTICE, AND SETTING FINAL APPROVAL HEARING**<br><br>*[Filed concurrently with Notice of Motion; Memorandum; and Declaration of David Yeremian]*<br><br>Hearing: June 13, 2019<br>Time: 9:00 a.m.<br>Dept.: 1 |

**ORDER**

On June ~~13~~ 12, 2019, this Court conducted a hearing on Plaintiff Jesse Rodriguez's ("Plaintiff") Motion for Preliminary Approval of Class and Collective Action Settlement (the "Motion"). Having considered the Motion and the points and authorities and declarations submitted in support of the Motion, including the Stipulation of Settlement and Release ("Settlement Agreement" or "Settlement") and GOOD CAUSE appearing, IT IS HEREBY ORDERED that the Motion is GRANTED, subject to the following findings and orders:

1. All initial-capped terms contained herein shall have the same definitions as set forth the Settlement Agreement, which is attached as **Exhibit A** to the declaration of Plaintiff's counsel, David Yeremian, filed in support of the unopposed motion for preliminary approval.

2. The Settlement Class shall be conditionally certified for settlement purposes only and shall consist of all non-exempt Customer Service Representatives, Application Support Specialists, Contact Center Agents, Customer Support Agents, Subscription Support Agents, Customer Service Agents, Incubation Specialists, Product Specialist Support Agents, Premium Customer Service Representatives, Renewals Specialists, Developer Support Operations Specialists, App Technical Supports, Technical Support Analysts, Application Review Analysts and In-Store Tech Supports who have provided resources to Accenture LLP through their employment with BCForward Razor LLC in California from April 23, 2014 through April 30, 2019 (the "Class Period"). The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission by Defendants that this action is appropriate for class, collective or representative treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendant to oppose certification of a class in this action should the proposed settlement not be granted final approval.

3. The Settlement Class shall be conditionally certified for settlement purposes only and pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and 29 U.S.C. section 201, *et seq.*, and shall not constitute or be construed as an admission by Defendants that this action is appropriate for class, collective or representative treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendants to oppose certification of a class in this

action should the proposed settlement not be granted final approval.

4. Considering the factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), the Court further finds that, for purposes of preliminary approval, and considering: the strength of the allegations set forth in Plaintiff's First Amended Complaint; the strength of Defendants' defenses to those claims; the risk, expense, complexity, and likely duration of further litigation; the risk of obtaining and/or maintaining class action status throughout the litigation; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence and/or absence of a governmental participant; and the amount offered in settlement of the claims, the proposed Settlement Agreement is fair on its face. The Court therefore finds on a preliminary basis that the proposed terms of the Settlement Agreement set forth in **Exhibit A** to the Declaration of David Yeremian are reasonable, and grants preliminary approval of the proposed Settlement.

5. The Court also finds, on a preliminary basis, that the Settlement is fair, adequate and reasonable to the Settlement Class Members and within the range of reasonableness when balanced against the probable outcome of further litigation relating to class action certification, liability, and damages issues, and potential appeals of rulings. The Court further finds that Plaintiff's counsel conducted extensive investigation and research and informal discovery have been conducted such that they were able to reasonably evaluate the strengths and weaknesses of Plaintiff's claims and the ability to certify them. The Court further finds that settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation.

6. Based on a review of the papers submitted by the Parties, the Court finds that the Settlement Agreement is the result of arms-length negotiations conducted after Plaintiff's counsel had adequately investigated the claims and become familiar with the strengths and weaknesses of the claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the proposed settlement is non-collusive. The Court finds on a preliminary basis that the Settlement is within the range of reasonableness of a settlement that could ultimately be given final approval by this Court, and hereby grants preliminary approval of the Settlement.

7. The Court preliminarily approves the Settlement Agreement, including all of the terms and conditions set forth therein and the Maximum Settlement Amount and allocation of payments.

8. The Court conditionally appoints Plaintiff Jesse Rodriguez to represent the Settlement Class Members for settlement purposes only.

9. The Court conditionally appoints David Yeremian, Esq., and David Yeremian & Associates, Inc., as counsel for the Settlement Class Members for settlement purposes only.

10. The Court appoints ILYM Group, Inc. as the Claims Administrator and preliminarily approves the allocated Settlement Administration expenses. The Claims Administrator will prepare final versions of the Class Notice, incorporating into it the relevant dates and deadlines set forth in this Order and the Settlement Agreement, and will carry out the notice procedures set forth in the Settlement Agreement.

11. The Court concludes that the Class Notice, at **Exhibit 1** to the Settlement Agreement, as well as the procedure set forth in the Settlement Agreement for providing notice to the Settlement Class Members will provide the best notice practicable under the facts and circumstances of this case. There is no alternative method of notice that would be more practical or more likely to notify Settlement Class Members. The Class Notice fairly, plainly, accurately, and reasonably informs the Settlement Class Members of: (a) the nature of the Action, the definition of the Settlement Class Members, the identity of Class Counsel, and the essential terms of the Settlement Agreement, including the plan of allocation; (b) Plaintiff and Class Counsel's applications for the Plaintiff's Service Award and Class Counsel's request for attorneys' fees and litigation costs; (c) how to participate in and receive proceeds under the Settlement; (d) how to object to or request exclusion from the Settlement; and (e) how to obtain additional information regarding the Action and the Settlement. The Court thus finds that the notice requirements for class and collective actions are satisfied. The rights of any potential Class Members who disagree with or do not accept any terms or conditions of the proposed Settlement are adequately protected in that they may exclude themselves from the Settlement and proceed with any alleged claims they may have against Defendants, or they may object to the Settlement and appear before this Court.

However, to do so they must follow the procedures outlined in the Settlement Agreement and Notice of Class Action Settlement. Failure to follow the procedures outlined in the Settlement Agreement and Notice of Class Action Settlement for making objections shall result in waiver and the objector shall be forever foreclosed from challenging any of the terms of the Settlement.

12. The Court approves, as to form and content, the proposed Notice of Class Action Settlement

13. The Court directs the mailing, by First-Class U.S. mail, of the Class Notice in accordance with the schedule set forth below and the other procedures described in the Settlement Agreement. The Court finds that the method selected for communicating the preliminary approval of the Settlement Agreement to Class Members is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled to notice, and thereby satisfies due process.

14. Plaintiff has provided notice of the settlement to the California Labor and Workforce Development Agency, satisfying the requirements of PAGA.

15. All proceedings and all litigation of the Action, other than those pertaining to the administration of the Settlement, are stayed pending the Final Approval Hearing.

16. Plaintiff and the Settlement Class Members are prohibited from prosecuting any claims against Defendants or the Released Parties pending the Final Approval Hearing.

17. The preliminary approval of the Settlement, certification of the Settlement Class Members, and all actions associated with them, are undertaken on the condition that they shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in part by the Court, or any appellate court and/or other court of review in which event the Settlement Agreement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any Party of liability or non-liability or of the certifiability of a litigation class or the appropriateness of maintaining a representative action.

///

///

18. The following dates shall govern for purposes of this Settlement:

| Due Date | Activity |
|---|---|
| 30 days after the Court grants preliminary approval of the Settlement | Last day for Defendants to produce the Class List to the Claims Administrator |
| Not later than 21 calendar days after Defendant produces the class data | Last day for the Claims Administrator to mail Class Notice to all Class Members |
| 14 days before the deadline for objecting to the settlement | Last day for Plaintiff to file the Motion for Approval of Attorneys' Fees and Costs and Class Representative Service Award ("Fees Motion") and Declaration from Claims Administrator, Class Representative, and Class Counsel in support |
| Not later than 30 calendar days after the Claims Administrator mails the Class Notice | Last day for the Settlement Class Members to mail Requests for Exclusion or Objections to the Settlement |
| __Sept. 19__, 2019 | Deadline for Class Counsel to File Motion for Final Approval of the Settlement, Declaration from Administrator, and Supplemental Documents for Fees Motion (28 days before Final Approval Hearing) |
| October 17, 2019 | Proposed Date for Final Approval Hearing and Fees Motion |

In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement Agreement. The Court's findings are for purposes of certifying a settlement class and to settle the matter and will not have any claim or issue preclusion or estoppel effect in any other action against Defendants, or in this action if the Settlement is not finally approved.

*///*

*///*

**IT IS SO ORDERED.**

DATED: June 12, 2019

_____
HONORABLE EDWARD J. DAVILA
JUDGE OF THE NORTHERN DISTRICT OF CALIFORNIA