1  DAVID YEREMIAN & ASSOCIATES, INC.
   David Yeremian (SBN 226337)
2  David@yeremianlaw.com
   Jason Rothman (SBN 304961)
3  Jason@yeremianlaw.com
   535 N. Brand Blvd., Suite 705
4  Glendale, California 91203
   Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  UNITED EMPLOYEES LAW GROUP, PC
   Walter Haines (SBN 71075)
7  walterhaines@yahoo.com
   5500 Bolsa Ave., Suite 201
8  Huntington Beach, CA 92649
   Telephone: (310) 652-2242
9
   Attorneys for Plaintiff Jesse Rodriguez,
10 on behalf of himself and all others similarly situated

11              **UNITED STATES DISTRICT COURT**

12     **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

13

14

15 | JESSE RODRIGUEZ, an individual, on behalf of himself and others similarly situated, | Case No.:  5:18-cv-03219-EJD |

16 |                        | *[Assigned for all purposes to the Honorable Edward J. Davila]* |
   |        Plaintiff,      |

17 |          vs.           | CLASS ACTION |

18 | BCFORWARD RAZOR LLC, an Indiana Limited Liability Company, BUCHER AND | **NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF** |

19 | CHRISTIAN CONSULTING, INC., an Indiana Corporation; and DOES 1 through 50, | **CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF** |

20 | inclusive,              | **POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

21 |        Defendants.      |

22 |                         | *[Filed concurrently with Supporting Declarations of David Yeremian and Nathalie Hernandez; and [Proposed] Order and Judgment]* |

23 |                         | Date:          October 17, 2019 |

24 |                         | Time:          09:00 a.m. |
   |                         | Location:      Courtroom 1 |

25

26 |                         | Complaint Filed:  April 23, 2018 |
   |                         | Trial Date:        None Set |

27

28

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on **October 17, 2019**, at **9:00 a.m.** or as soon thereafter as counsel may be heard, in Courtroom 1 of this Court, located at 280 1st Street, San Jose, California, 95113, before the Honorable Edward J. Davila, Plaintiff Jesse Rodriguez ("Plaintiff"), will and hereby does move this Court for an order pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. § 200 et seq. granting final approval of the Stipulation of Settlement of Class Action and Release ("Settlement" or "Settlement Agreement") entered into between the parties in this action. Specifically, Plaintiff seeks an order: (1) certifying the Class for settlement purposes only; (2) finding the Settlement fair, reasonable and adequate, and in the best interests of the Class Members; (3) approving Class Counsel's application for an award of attorneys' fees of $103,750.00 and costs of up to $17,500.00; (4) approving the Class Representative's application for $7,500.00; (5) approving the payment of the reasonable settlement administrative costs; (6) dismissing all of the class, collective and representative claims in the action with prejudice and releasing and forever barring any further Class Member Released Claims by Class Members who did not timely opt out of the Settlement; (7) dismissing all of the claims of Plaintiff Jesse Rodriguez in this action with prejudice and dismissing Plaintiff Jesse Rodriguez as a party from the action and releasing and barring all of his Released Claims; and (8) granting final approval of the class action settlement in this matter and entering of a final order and judgment incorporating by reference the terms and definitions in the Settlement, e-filed ECF No. 39.

Plaintiff brings this Motion in accordance with the Court's Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement (ECF Nos. 49), and pursuant to the Court's authority to approve the Settlement upon finding that it is fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The proposed settlement is fair, adequate, and reasonable and in the best interests of the Class as a whole. The procedures proposed by the parties have been adequate to ensure the opportunity of Class members to participate in, opt out of, or object to the Settlement, and it has been preliminarily approved. Settlement Administration has been completed successfully, and the Settlement provides reasonable compensation to the Class Members for their claims against

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  Defendant.

2      Plaintiff requests entry of the concurrently provided [Proposed] Order and Judgment

3  granting final approval of the Settlement Agreement and awarding the Settlement Administrator,

4  ILYM Group, Inc. ("ILYM"), reasonable administration costs and fees of $7,500.00. The

5  Administration has been summarized and addressed by the Administrator in connection with the

6  Fees and Costs Motion (*see* ECF No. 50-7) and in the concurrently filed Declaration of Nathalie

7  Hernandez of ILYM in support of final approval. Plaintiff further requests that the Court approve

8  the requested attorneys' fees and costs and representative enhancement award, as addressed in the

9  Fees and Costs Motion documents. Plaintiff respectfully submits good cause exists for granting

10  the Motion for the reasons set forth in the concurrently filed documents, and those submitted with

11  the Fees and Costs Motion (ECF Nos. 50 *et seq.*).

12      This Motion is based upon this Notice of Motion and Unopposed Motion, the

13  Memorandum of Points and Authorities, and the Declarations of David Yeremian (Class

14  Counsel), and Nathalie Hernandez (Settlement Administrator), along with the other documents

15  filed herewith, including the Settlement Agreement and Notice documents, any Exhibits to the

16  Declarations, and the [Proposed] Order and Judgment, the other pleadings and records on file in

17  this action, and the presentations of counsel and such oral or documentary evidence as may be

18  presented at the hearing on this unopposed Motion.

19

20  DATED:   September 19, 2019              DAVID YEREMIAN & ASSOCIATES, INC.

21

22                                    By /S/ David Yeremian
                                         David Yeremian
23                                       Jason Rothman
                                         Attorneys for Plaintiff Jesse Rodriguez, and
24                                       the Settlement Class Members

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF RELEVANT BACKGROUND FACTS .................................. 2

   A.   Procedural History and Settlement Approval Proceedings ......................... 2

   B.   Class Notice, Valuation, and Class Response .............................................. 5

III.    LEGAL AUTHORITY FOR FINAL APPROVAL .............................................. 7

   A.   The Standard of Review ............................................................................... 7

   B.   Relevant Ninth Circuit Considerations Favor Settlement Approval ............ 8

      1.   Strength of Plaintiff's Case ..................................................................... 9

      2.   The Amount Offered in Settlement ......................................................... 9

      3.   Risk, Expense, Complexity, and Likely Duration of Litigation ........... 10

      4.   Risk of Maintaining a Class Action through Trial and Appeal ............. 11

      5.   Extent of Discovery Completed and Stage of the Proceedings ............. 13

      6.   Experience and Views of Counsel ......................................................... 13

      7.   Presence of a Governmental Participant ............................................... 14

      8.   Reaction of the Settlement Class Members to the Settlement ............... 14

      9.   Settlement Procedure ............................................................................. 15

   C.   Approval of Attorneys' Fees, Costs, Representative Enhancement .............. 15

   D.   Final Certification for Settlement Purposes Is Appropriate ......................... 17

   E.   Settlement Administration Costs Should Be Approved ................................ 18

IV.     NOTICE HAS BEEN DISSEMINATED TO THE CLASS PURSUANT TO THE
      COURT-APPROVED NOTICE PROGRAM

V.      CONCLUSION ................................................................................................... 19

PLAINTIFF'S MEMORANDUM RE: MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1

## <u>TABLE OF AUTHORITIES</u>

2

**State Cases**

3

*Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990) ................................................ 12

4

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 624 (N.D. Cal. 1979) ................................ 10, 14

5

*Churchill Vill., LLC v. Seattle,* 361 F.3d 566, 576 (9th Cir. 2004) .................................... 8

6

*Churchill Village v. General Electric*, 361 F.3d 566, 575 (9th Cir.), *cert. denied*, 543 U.S. 818
7
    (2004) ............................................................................................................................ 8

8

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.), *cert. denied*, 506 U.S. 953
    (1992) ............................................................................................................................ 7

9

*Eisenstadt v. Centel Corp.*, 113 F.3d 738 (7th Cir. 1997) ............................................... 11

10

*Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ...................... 7, 14

11

*Fecht v. Northern Telecom Ltd. (In re Northern Telecom Ltd. Sec. Litig.)*, 116 F. Supp. 2d 446
12
    (S.D.N.Y. 2000) .......................................................................................................... 11

13

*Fisher Bros. v. Cambridge-Lee Industries, Inc.*, 630 F. Supp. 482, 488 (E.D. Pa. 1985) .............. 14

14

*Grunin v. International House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975)............................. 6

15

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)................................... 7, 8

16

*Hervey v. City of Little Rock*, 787 F.2d 1223, 1227 (8th Cir. 1986) ................................ 12

17

*In re Apple Computer Sec. Litig.*, 1991 U.S. Dist. LEXIS 15608 (N.D. Cal. Sept. 6, 1991)......... 12

18

*In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 625 (D. Colo. 1976). ....................... 14

19

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) ............................... 7

20

*In re Omnivision Tech., Inc.,* 2008 WL 123936  (N.D. Cal. 2008)................................... 10

21

*In re PaineWebber Ltd. Pships. Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997)............................ 14

22

*In re Patriot Am. Hospitality, Inc. Sec. Litig. (Open Market Action)*, 2005 U.S. Dist. LEXIS
    40995, *5 (N.D. Cal. 2005) ...................................................................................... 15

23

In re Veritas Software Corp. Sec. Litig., 2005 U.S. Dist. LEXIS 30880 at *14-15 (N.D. Cal. Nov.
24
    15, 2005)..................................................................................................................... 10

25

*In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 741 (S.D.N.Y 1985), *aff'd* (2d Cir.
    1986)........................................................................................................................... 13

26

*Lewis v. Newman*, 59 F.R.D. 525, 528 (S.D.N.Y. 1973) ................................................. 9

27

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1238 (9th Cir. 1998)................................. 7

28

*Nelson v. Bennett*, 662 F. Supp. 1324, 1334 (E.D. Cal. 1987)......................................... 9

*Officers For Justice v. Civil Serv. Comm.*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983) ......................................................................................................................... 7

*Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1145 (8th Cir. 1999).................................................... 12

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-13 (1985) ...................................................... 6

*Robbins v. Koger Props, Inc.*, 116 F.3d 1441 (11th Cir. 1997) ....................................................... 11

*See Chatelain v. Prudential-Bache Sec.*, 805 F. Supp. 209, 213-14 (S.D.N.Y. 1992).................... 13

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011)................................................................. 12

*West Virginia Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y. 1970) .............................. 9

**State Statutes**

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-77 (1974)........................................................... 6

**Rules**

Fed. R. Civ. P. 23(e)(2) ................................................................................................................... 8

**Treatises**

Manual for Complex Litigation (Second) § 30.44 (1985) ............................................................. 15

Newberg & Conte, *Newberg On Class Actions* (3d ed. 1992), § 11.41, pp. 11-91.......................... 8

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On June 12, 2019, the Court granted preliminary approval of the proposed Settlement reached by the parties in this action, and approved the parties' proposed notice procedure.  (ECF No. 49).  Notice has been disseminated to the Class as directed by the Court.  By this motion, Plaintiff Jesse Rodriguez ("Plaintiff") respectfully requests that the Court: (1) certify the Class for settlement purposes only; (2) find the Settlement fair, reasonable and adequate, and in the best interests of the Class Members; (3) approve Class Counsel's application for an award of attorneys' fees of $103,750.00 and costs of up to $17,500.00; (4) approve the Class Representative's application for $7,500.00; (5) approve the payment of the reasonable settlement administrative costs; (6) dismiss all of the claims in this action with prejudice and release and bar any further Class Member Released Claims by Class Members who did not timely opt out of the Settlement; (7) dismiss all of the claims of Plaintiff Jesse Rodriguez in this action with prejudice and dismiss Plaintiff Jesse Rodriguez as a party from the action and release and bar all of his Released Claims; and (8) grant final approval of the Settlement in this matter.

Pursuant to the terms of the Settlement, Defendants BCforward Razor LLC and Butcher and Christian Consulting, Inc. ("Defendants") will pay $415,000.00 ("Maximum Settlement Amount"), which shall include: a Net Settlement Amount of approximately $271,250.00 from which payments to Class Members shall be made, (2) requested attorneys' fees of of $103,750.00 and costs of up to $17,500.00 to Class Counsel; (3) a $10,000.00 payment for settlement of claims for penalties under the Private Attorneys General Act, Labor Code §§ 2698 et seq., with $7,500.00 (75%) paid to the California Labor & Workforce Development Agency, and $2,500.00 (25%) to the Net Settlement Amount from which payments will be distributed to Class Members, (4) claims administration costs of $7,500.00; and (5) a requested $7,500.00 Service Enhancement Award to Plaintiff Jesse Rodriguez.[1]

The effectiveness of the notice program, including skip trace attempts, and the adequacy of

---

[1] On August 15, 2019, Class Counsel filed a Motion for Approval of Attorneys' Fees and Costs and noticed it concurrently for hearing with the instant motion.  ECF No. _____.

1   the Settlement, are reflected in the very positive reaction from the Class.  As of the filing date,

2   only one Class Member has opted out and his opt out was untimely.  No Class Members have

3   expressed their intention to object to the Settlement, or disputed their individual settlement

4   payment.  One Class Member asked to be added to the Settlement based on her job position and

5   dates of employment, and was sent a Class Notice.  The current participation rate in this case is

6   100%.  Declaration of Nathalie Hernandez of ILYM Group, Inc. In Support of Final Approval of

7   Class Action Settlement ("Hernandez Final Approval Declaration").

8         For the foregoing reasons, and the other details provided below, the Settlement meets the

9   standards for final approval and should therefore be approved.

10  **II.    STATEMENT OF RELEVANT BACKGROUND FACTS**

11         **A.    Procedural History and Settlement Approval Proceedings**

12         On April 23, 2018, Plaintiff filed a class and collective action against Defendants in Santa

13  Clara Superior Court, alleging claims for: (1) failure to pay minimum wages (California Labor

14  Code § 1194); (2) failure to pay overtime (Labor Code § 510); (3) failure to pay wages (Fair Labor

15  Standards Act ("FLSA"), 29 USC §§ 206, 207; (4) failure to provide meal periods (Labor Code §

16  226.7); (5) failure to provide rest breaks (Labor Code § 226.7); (6) failure to provide accurate

17  wage statements (Labor Code § 226(a)); (7) unlawful wage garnishment (California Labor Code §

18  221); (8) waiting time penalties (Labor Code § 203); and (9) unfair business practices (Bus. &

19  Prof. Code §§17200 *et seq*.). (Yeremian Decl., ¶¶ 13-17.) The Complaint followed Plaintiff's

20  PAGA notice letter, which was submitted to the LWDA on April 24, 2018. (*Id.*)

21         As reflected in the Complaint, Plaintiff's wage and hour claims are premised on the

22  allegations that: (1) CSRs should have been paid for time spent "pass[ing] through a security

23  terminal" (Compl. ¶ 11) and "building security" (Compl. ¶ 12); (2) CSRs had to boot up their

24  computers before they could manually input their time into Defendants' timekeeping system

25  (Compl. ¶ 12); and; (3) CSRs skipped meal and rest breaks or took short meal and rest breaks to

26  meet customer response deadlines (Compl. ¶ 19). Plaintiff contended that customer response

27  deadlines particularly affected CSRs because they respond to customer inquiries.

28         On May 30, 2018, Defendants removed the case to the United States District Northern

1  District of California.

2       On June 6, 2018, Defendants filed an answer to the complaint. (ECF No. 13.)

3       On January 25, 2019, Plaintiff, pursuant to a stipulation and court order, filed a first

4  amended complaint. (ECF No. 32.)

5       On May 3, 2019, Plaintiff filed his Motion for Preliminary Approval (ECF No. 39) of the

6  parties' Stipulation of Settlement of Class Action and Release of Claims ("Settlement") (Ex. A to

7  prior Yeremian Decl.).

8       On June 3, 2019, the court ordered Plaintiff to provide supplemental briefing (ECF No.

9  43).

10      On June 10, 2019, Plaintiff filed a supplemental declaration of David Yeremian (ECF No.

11 46) and of Plaintiff, Jesse Rodriguez (ECF No. 47).

12      On July 12, 2018, the parties' counsel appeared for the preliminary approval hearing. The

13 court heard oral arguments from both Parties counsels before approving Plaintiff's motion for

14 Preliminary Approval on the same day. (ECF No. 49.)

15      On July 8, 2019, the Claims Administrator received the class data file from Defendants

16 Counsel. (Hernandez Final Approval Decl. ¶ 5.)

17      On July 29, 2019, the Claims Administrator mailed the Class Notice, via U.S. First Class

18 Mail, to 268 class members.  (Hernandez Final Approval Decl. ¶ 10.)

19      On August 28, 2019, the deadline to object or opt out of the Settlement passed. (Hernandez

20 Final Approval Decl. ¶ 10.)

21      One Class Member was added to the Settlement because she submitted written proof

22 establishing she was part of the Settlement Class. On September 4, 2019, the Claims

23 Administrator mailed Class Notice to the additional Class Member.  (Hernandez Final Approval

24 Decl. ¶ 16.) The addition of this individual brought the Class List to **269** Settlement Class

25 Members. (*Id*. at 16.)

26      On September 5, 2019, after the opt-out deadline passed, one class member emailed the

27 Claims Administrator to request exclusion.  (Hernandez Final Approval Decl. ¶ 18.)  His request

28 for exclusion is untimely under the terms of the Settlement.

On August 15, 2019, Plaintiff filed its motion for Award of Attorneys' Fees and Costs and Class Representative Enhancement. (ECF No. 50.)

**A.    The Proposed Settlement Fully Resolves Plaintiff's Claims.**

The proposed settlement resolves all class, collective and representative action claims against Defendants.  The settlement provides a significant recovery for Plaintiff and the Settlement Class Members.  Specifically, the Maximum Settlement Amount of $415,000 is a guaranteed fund, with no reversion of funds to the Defendants and it also provides for payments to all Settling Class Members without their need to submit a claim form.  The settlement of this matter was achieved after significant investigation was done by both Parties, including informal discovery, production and analysis of time and payroll data, an extensive mediation information exchange process under the supervision of the mediator, a full-day mediation session, and disclosure of Defendant's data regarding the policies and proposed class necessary for Plaintiff to fully evaluate this case.  Further details about the Settlement terms are addressed and summarized by Class Counsel during Preliminary Approval. (*See* ECF No. 39-1, ¶¶ 47-72.) The Preliminary Approval Motion also provide further details as to how the parties added and allocated Settlement value and the bases for doing so. (*Id.*)

The portion of the Maximum Settlement Amount remaining after subtracting the Claims Administration Expenses, Court-approved attorneys' fees and litigation costs, Court-approved Service Enhancement, and the portion of PAGA penalties payable to the LWDA, shall be designated the Net Settlement Amount eligible for distribution to Qualified Claimants on a pro rata basis. This amount is estimated to be around $271,250.00 (i.e., The Maximum Settlement Amount of $415,000.00 minus the proposed Service Enhancement Award ($7,500), the proposed Class Counsel Award (up to $103,750.00), the maximum amount of Class Counsel's Costs ($17,500.00), the anticipated Settlement Administration Costs ($7,500.00) and the PAGA Payment ($7,500.00).)  Based on these calculations, the 269 Participating Claimants will receive an estimated average gross payment of approximately $1,008.36, with the estimated highest gross payment being $3,509.39, and the estimated lowest gross payment being $34.24. (*See* ECF No. 39-1, ¶ 8; Hernandez Final Approval Decl., ¶ 19.)

### B.    Class Notice and Class Response

As authorized by the Court's order preliminarily approving the Settlement, the Parties engaged ILYM Group, Inc. to provide settlement administration services.  (Hernandez Final Approval Declaration. ¶ 3.)  ILYM's duties have included: (a) calculating each Class Member's potential Individual Settlement Amount (this will include distribution of funds and tax-reporting following final approval); (b) printing and mailing the Class Notice; (c) resolving Settlement Class Members' disputes over the number of workweeks Defendants have record of them working during the Class Period, which was pre-printed on their individualized Class Notice (d) taking appropriate steps to trace, update and locate any Class Member whose address or contact information as provided to the Claims Administrator is inaccurate or outdated; (e) receiving and providing to Class Counsel and Defendants' counsel, and the Court, Requests for Exclusion and copies of written objections (there are none); and (f) providing to Class Counsel and Defendant's Counsel a weekly report of activity.  The Class Notice summarized the settlement terms, provided Class Members with an estimate of how much they would be paid if the Settlement received final approval, and advised Class Members how to submit Requests for Exclusion or object to the Settlement.

On July 8, 2019, counsel for Defendants provided ILYM with a mailing list, including each Class Member's full name, last known address, last known telephone number, Social Security Number and employment dates held in a position covered by the Settlement.   Hernandez Final Approval Decl. 5.)

As part of the preparation for mailing, all then 268 Class Member names and addresses contained in the Class List were then processed against the National Change of Address ("NCOA") database, maintained by the United States Postal Service ("USPS"), for purposes of updating and confirming the mailing addresses of the Settlement Class Members before mailing of the Class Notice. (Hernandez Final Approval Decl. 9.)  The NCOA contains requested change of addresses filed with the USPS. To the extent that an updated address was found in the NCOA database, the updated address was used for the mailing of the Class Notice. (*Id.* at 9.) To the extent that no updated address was found in the NCOA database, the original address provided by

defense counsel was used for the mailing of the Class Notice. (Hernandez Final Approval Decl. ¶ 9.)

Only four Class Notices have been ultimately deemed undeliverable as no better addresses were found for these Class Members after conducting a skip trace search. (Hernandez Final Approval Decl. ¶ 13.)

As of September 19, 2018, the Claims Administrator reports only one request for exclusion from the Settlement and it was untimely. (Hernandez Final Approval Decl. ¶ 18.)  Pursuant to the terms of the Settlement, "Class Members submitting Late Opt-Out Forms or Deficient Opt-Out Forms shall be bound by the Settlement and its releases."  The deadline to request exclusion from the Settlement was August 28, 2019. (Hernandez Final Approval Decl. ¶ 18.)

As noted above, one Class Member was added to the Settlement because she submitted written proof establishing she was part of the Settlement Class. (Hernandez Final Approval Decl. ¶ 16.)

ILYM reports a total of 269 Class Members will participate in the Settlement, representing a 100% participation rate. (Hernandez Final Approval Decl. ¶ 16-17.)

ILYM Group will charge $7,500.00 for fees associated with the administration of the settlement. This includes all costs incurred to date, as well as the estimated costs involved in completing the settlement. (Hernandez Final Approval Dec. ¶19, Ex. "B".).

Plaintiff submits the notice and claims process has been successful and complied with constitutional due process. *See, Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-13 (1985) (holding that "a fully descriptive notice [that] is sent [by] first-class mail to each class member, with an explanation of the right to 'opt out,' satisfies due process"); *Grunin v. International House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975) (holding that "individualized notice by mail to the last known address [is] the 'best notice practicable' in a class action contest"), *cert. denied*, 423 U.S. 864, 96 S. Ct. 124, 46 L. Ed. 2d 93 (1975), *citing Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-77 (1974).

///

///

III.     **LEGAL AUTHORITY FOR FINAL APPROVAL**

    A.     **The Standard of Review**

       Under Rule 23(e) of the Federal Rules of Civil Procedure, "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class..." In deciding whether to approve a proposed settlement, the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *See Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1238 (9th Cir. 1998); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992), *cert. denied*, 506 U.S. 953 (1992). Therefore, in making its assessment pursuant to Rule 23(e), the Court's evaluation of what is otherwise "a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Officers For Justice v. Civil Serv. Comm.*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

       A settlement hearing is "not to be turned into a trial or rehearsal for trial on the merits," nor should the proposed settlement "be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Officers for Justice*, 688 F.2d at 625. To the contrary, the involvement of experienced class action counsel and the fact that the settlement agreement was reached in arms' length negotiations, after relevant discovery had taken place, create a presumption that the agreement is fair. *See, Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981).

       As explained above, the settlement was reached through informed negotiation by experienced counsel on both sides, and after extensive investigation, informal discovery, amendment of the complaint, mediations with an experienced and respected wage and hour mediator, and conferences regarding exact terms and conditions of the settlement and notice. The

1    mediator's efforts in the mediations also ensured the interests of the Class Members were

2    adequately protected. Under these circumstances, the settlement should be afforded a presumption

3    of fairness.

4    **B.    Relevant Ninth Circuit Considerations Favor Settlement Approval**

5    A court can approve a class action settlement that binds class members "only after a

6    hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). A

7    presumption of fairness exists where: (1) the settlement is reached through arms-length bargaining;

8    (2) investigation and discovery are sufficient to allow counsel and the Court to act intelligently; (3)

9    counsel is experienced in similar litigation; and (4) the percentage of objections is small.  Newberg

10   & Conte, *Newberg On Class Actions* (3d ed. 1992), § 11.41, pp. 11-91.

11   The Ninth Circuit has explained that courts should consider "some or all" of the following

12   factors in determining whether a proposed settlement is fair, reasonable, and adequate:  (1) the

13   strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further

14   litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered

15   in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the

16   experience and views of counsel; (7) the presence of a governmental participant; and (8) the

17   reaction of the class members to the proposed settlement. *Churchill Village v. General Electric*,

18   361 F.3d 566, 575-576 (9th Cir. 2004), *cert. denied*, 543 U.S. 818 (2004), citing *Hanlon*, 150 F.3d

19   at 1026; *see also Linney*, 151 F.3d at 1242. One factor alone may prove determinative. *Id.*

20   Ultimately, "[s]trong judicial policy favors settlements." *Churchill Vill., LLC v. Seattle,* 361 F.3d

21   566, 576 (9th Cir. 2004) (omission and quotation marks omitted*) (*quoting *Churchill Vill., L.L.C. v.*

22   *Gen. Elec.*, 361 F.3d at 576).

23   The relevant *Churchill* factors weigh in favor of final approval. Here, the risk, expense,

24   complexity, and likely duration of further litigation, as well as the risk of maintaining class action

25   status throughout the trial, were high. Defendants would have contested class certification by

26   arguing that individualized issues predominate and by contesting typicality. (Yeremian Decl., at

27   ECF No. 39-1, ¶ 21.) This is a complex class action case, and establishing liability and proving the

28   amount of damages sustained would be risky, especially in view of Plaintiff's investigation. (*See,*

*e.g.*, ECF No. 39-1, ¶ 21). For example, Plaintiff's investigation revealed that Plaintiff's work location did not have a security terminal and/or building security and that Defendants had implemented compliant timekeeping and written meal and rest break policies. (*id*.) Moreover, Defendants policies did not apply uniformly to all CSR's, including boot up time, meal and rest breaks, and workflow management. (*id*.)

### 1.    Strength of Plaintiff's Case

In evaluating a settlement in this type of complex litigation, courts have long recognized that such litigation "is notably difficult and notoriously uncertain." *Lewis v. Newman*, 59 F.R.D. 525, 528 (S.D.N.Y. 1973) (footnote omitted.). Thus, compromise is particularly appropriate. *Nelson v. Bennett*, 662 F. Supp. 1324, 1334 (E.D. Cal. 1987). The strengths and risks associated with Plaintiff's claims are addressed by Class Counsel in their Motion for Preliminary Approval.   (ECF NO. 40) (Yeremian Decl., ¶¶ 74-76; ECF No. 39-1.) Plaintiff's arguments as to how to value the claims and Defendants' arguments against specific claims have also previously been summarized by Class Counsel in connection with addressing the value assigned to each claim. (Yeremian Decl., ¶¶ 27-44 at ECF No. 40.)

To succeed at trial, Plaintiff would have to prevail on each and every element of his claims. While Plaintiff believes he has arguments and evidence to counter each one of Defendants' positions, there is no guarantee that the Court or jury would agree. *See West Virginia Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y. 1970) ("it is known from past experience that no matter how confident one may be of the outcome of litigation, such confidence is often misplaced."), *aff'd*, 440 F.2d 1079 (2d Cir.), cert. denied, 404 U.S. 871 (1971).  *See also* Plaintiff's Motion for Preliminary Approval of Class and Collective Action Settlement (ECF No. 40).

### 2.    The Settlement Amount is a Fair Compromise in Light of the Strength of Plaintiff's Claims and the Litigation Risks and Uncertainties

As discussed above and in Plaintiff's Motion for Preliminary Approval of Class and Collective Action Settlement (ECF No. 40), the Settlement gives substantial monetary benefit to all Settlement Class Members.  With an average individual settlement payment of approximately

1    **$1,008.36**, this represents a substantial and real recovery that is well-within the range of

2    reasonableness for the benefit of the class members.

3         Plaintiff submits the Settlement value of **$415,000.00** for 269 Class Members is fair and

4    reasonable in light of the risk of no recovery following protracted litigation, Defendants' policies

5    and record of compliance, and for all the reasons addressed in this Motion and the Motion for

6    Preliminary Approval. (ECF No. 40). Based on the numerous risks and unresolved questions of law

7    associated with continuing to litigate this case, it is in the best interests of the Settlement Classes to

8    receive a certain and substantial award. Courts in the Ninth Circuit have observed: "simply because

9    a settlement may amount to only a fraction of the potential recovery does not in itself render it

10   unfair or inadequate. Compromise is the very nature of settlement." *Boyd v. Bechtel Corp.*, 485 F.

11   Supp. 610, 624 (N.D. Cal. 1979); *see also Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.,* 221

12   F.R.D. 523, 527 (C.D. Cal. 2004) (it is "well settled law that a proposed settlement may be

13   acceptable even though it amounts to only a fraction of the potential recovery"); *see e.g.*, *In re*

14   *Omnivision Tech., Inc.,* 2008 WL 123936 (N.D. Cal. 2008) ($13.75 million settlement approved

15   despite over $151.8 million estimate of damages through trial). The settlement here is significantly

16   more than a "fraction" and in fact provides a reasonable recovery when considering the associated

17   risk factors involved. The Settlement amount is fair and reasonable in light of the uncertainties

18   associated with continued litigation.

19         **3.    Risk, Expense, Complexity, and Likely Duration of Litigation**

20         Defendants vigorously dispute that the claims in this action have merit and would have

21   continued to assert legal and factual grounds to defend against this action. Defendants further do not

22   concede that certification is appropriate or a class trial would be manageable. If there was no

23   settlement and Plaintiff proceeded through Class certification, expert discovery and trial preparation

24   would be expensive and complex. While certainly attainable from Plaintiff's perspective, victory in

25   such a complex trial is hardly assured. *See In re Veritas Software Corp. Sec. Litig.* 2005 U.S. Dist.

26   LEXIS 30880 at *14-15 (N.D. Cal. Nov. 15, 2005) (challenges in proving damages and other

27   litigation risks supported approval of settlement).

28

1    While Defendants have agreed to settle the action, if this case were to proceed,

2    Defendants would continue to assert defenses against liability and as to class certification.

3    Therefore, while Plaintiff believes the claims are meritorious and the Class would be able to

4    establish liability, Plaintiff recognizes the uncertainties of trial and the risks inherent in

5    establishing liability in a complex case of this nature.

6    By approving the Settlement, the Court can guarantee recovery for each of the **269**

7    Participating Class Members without having the Class face the risk of trial and a possible appeal.

8    Expenses incurred for a trial would severely deplete any eventual recovery. Further, post-trial

9    motions and appeals could force class members to wait many more years for any recovery, further

10    reducing its value. Consequently, resolution of this case before trial will substantially and

11    meaningfully benefit the Settlement Class, while reasonably accounting for the risks associated

12    with a protracted litigation.

13    Consistent with the foregoing, it would be grossly inefficient for the Class of current and

14    former employees to bring individual actions to recover from Defendants for its alleged labor law

15    violations. Moreover, the potential recovery to each individual class member is likely not high

16    enough to provide them with the incentive to sue individually. For example, the highest estimated

17    award here is approximately **$3,509.39** (with an average gross payment of $1,008.36) (Hernandez

18    Final Approval Decl., ¶ 19), which would have been insufficient to cover the expenses of bringing

19    an individual action or to generate sufficient funds for reasonable fees. By granting final approval

20    of the Settlement, the Court can eliminate all risks and provide participating Settlement Class

21    members with a certain recovery.

22    **4.    Risk of Maintaining a Class Action through Trial and Appeal**

23    Maintaining a class action is an expensive and risky enterprise. In addition to the thousands

24    of hours of time and money spent, with no hope of remuneration until and unless there is either a

25    settlement or a judgment, there is also the ever-present possibility that any victory attained by a

26    plaintiff can be overturned. *See, e.g., Fecht v. Northern Telecom Ltd. (In re Northern Telecom Ltd.*

27    *Sec. Litig.)*, 116 F. Supp. 2d 446 (S.D.N.Y. 2000) (summary judgment granted after seven years of

28    litigation); *Robbins v. Koger Props, Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of $81

million for plaintiffs against an accounting firm reversed on appeal on loss causation ground and judgment entered for defendant); *Eisenstadt v. Centel Corp.*, 113 F.3d 738 (7th Cir. 1997) (affirming the lower court's granting of summary judgment in favor of defendants); *In re Apple Computer Sec. Litig.*, 1991 U.S. Dist. LEXIS 15608 (N.D. Cal. Sept. 6, 1991) (class won jury verdict against two individual defendants, but district court vacated judgment on motion for judgment notwithstanding the verdict); *Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990) (where the class won a substantial jury verdict and a motion for judgment notwithstanding the verdict was denied; however, on appeal, the judgment was reversed and the case dismissed – after 11 years of litigation).

Although the Class has been certified at this time for purposes of settlement only, there is no assurance that it would continue to remain certified. "A district court has a duty to assure that a class once certified continues to be certifiable under Fed. R. Civ. P. 23(a)." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1145 (8th Cir. 1999), citing *Hervey v. City of Little Rock*, 787 F.2d 1223, 1227 (8th Cir. 1986). Should this Court not finally approve the Settlement, Plaintiff would need to prevail upon his motion for class certification, which Defendants would vigorously oppose. Additionally, the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) substantially undermines Plaintiff's ability to certify a class action. Plaintiff must affirmatively demonstrate both that common questions of law and fact exist and that the methodology utilized for showing harm on a class-wide basis actually works, and Class Counsel addresses the risks it faced. (Yeremian Decl. at ECF No. 50-1, ¶¶ 41-46.) Defendants also believe *Dukes* forecloses "trials by formula," finding that this methodology violates its due process rights because it does not allow defendants to challenge and rebut any claims inevitably resulting in payment to persons not damaged, and it poses issues. Federal courts have cited *Dukes* to deny class certification and to decertify cases.

Settlement at this time will avoid this uncertainty, and additional substantial costs, such as those that have already been incurred by both Parties, and will avoid the delay and risks that would be presented by the further prosecution of this litigation. The instant settlement eliminates these risks.

### 5. Extent of Discovery Completed and Stage of the Proceedings

The extent of evidentiary review completed and the stage of the proceedings bear on whether settlement should be approved. Courts look to whether investigation of the facts and evidence is sufficient to allow counsel and the court to act intelligently. *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 741 (S.D.N.Y 1985), *aff'd* (2d Cir. 1986).

Discovery and investigation allowed both parties to assess their relative positions and come to the conclusion, based on the analysis of the information, that settlement at this stage of the litigation was proper and that the settlement terms and amount were fair, adequate and reasonable. (Yeremian Decl. at ECF No. 39-1, ¶¶ 17-26.) Counsel also completed informal discovery and were in possession of the documents and data necessary for estimating liability exposure at the mediations. (*Id.*)

By the time the settlement was reached, the action had proceeded to the point where both Plaintiff and Defendants had "a clear view of the strengths and weaknesses of their cases." *In re Warner Communications Sec. Litig.*, 618 F. Supp. at 745. At the time the Parties mediated the action, Plaintiff had been litigating the action for many months and had conducted extensive informal investigation and retained an expert to review data and employment practices. Accordingly, the stage of the proceedings, and the amount of the discovery completed, strongly favor approval of the Settlement. *See Chatelain v. Prudential-Bache Sec.*, 805 F. Supp. 209, 213-14 (S.D.N.Y. 1992).

### 6. Experience and Views of Counsel

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining. *See Hanlon*, 150 F.3d at 1027 (affirming trial court's approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no evidence of collusion); *see also Satchell v. Fed. Express Corp.*, No. C 03-2659 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *Carter v. Anderson Merchandisers, LP*, No. EDCV 07-0025-VAP, 2010 WL 1946784, at *7 (C.D. Cal. May 11, 2010) (citing *Satchell*). Furthermore, where counsel are well-qualified to represent the proposed

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

class in a settlement based on their extensive class action experience and familiarity with the strengths and weakness of the action, courts find this factor to support a finding of fairness. *Carter*, 2010 WL 1946784, at *8 ("Counsel's opinion is accorded considerable weight.").

Here, the Settlement is the product of arms-length negotiations conducted by capable counsel who are experienced in class action litigation and have invested many hours, and the assistance of an experienced wage and hour class action mediator. (Yeremian Decl., at ECF No. 39-1, ¶¶ 3-9; ECF No. 50-1, ¶¶ 4-10.). Defendants are represented by very skilled and capable counsel from a law firm of top tier attorneys. (Yeremian Decl., ¶ 8.)

Having conducted extensive informal investigation and discovery in this case and having assessed the risks of continued litigation, it is the view of Class Counsel that the settlement appropriately reflects the relative strengths of the parties' respective claims and defenses, as well as the substantial risk presented in continuing the litigation, while recognizing the uncertainty, risk, expense, and delay attendant to continuing the action through trial and any appeals. (Yeremian Decl., at ECF No. 39-1 ¶¶ 24, 77-85.) Such recommendations should lend a presumption of reasonableness to the Settlement. *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Fisher Bros. v. Cambridge-Lee Industries, Inc.*, 630 F. Supp. 482, 488 (E.D. Pa. 1985); *Ellis*, 87 F.R.D. at 18 (the view of the attorneys actively conducting the litigation, while not conclusive, "is entitled to considerable weight"). Moreover, "[c]ourts have consistently refused to substitute their business judgment for that of counsel, absent evidence of fraud or overreaching." *In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 625 (D. Colo. 1976).

### 7. Presence of a Governmental Participant

Pursuant to California <u>Labor Code</u> §§ 2698 - 2699.5, Plaintiff's counsel has notified the Labor Workforce Development Agency ("LWDA") of the Settlement and Amended Settlement and the PAGA claim and payment, and the final approval hearing. (Yeremian Decl., ¶ 4.) Thus, governmental agencies such as the LWDA will have the opportunity to weigh in on the proposed Settlement should they believe it unfair in any respect. This process has helped to ensure that the interests of the Settlement Class are protected, and confirms the reasonableness of the Settlement.

### 8. Reaction of the Settlement Class Members to the Settlement

"A favorable reception by the Class constitutes 'strong evidence' of the fairness of a proposed settlement and supports judicial approval." *In re PaineWebber Ltd. Pships. Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997), *aff'd*, 117 F.3d 721 (2d Cir. 1997). Here, **269** Class Members out of **269** in the Settlement Class have all become Participating Class Members. (Hernandez Decl., ¶ 16.) This demonstrates a "favorable reception" by class members to the settlement. Accordingly, this factor of the test is satisfied and supports final approval of the Settlement.

The Settlement has been well-received by the Class members. While August 28, 2019 was the deadline to request exclusion from the Settlement or raise any objections, the claims administrator received one untimely request for exclusion by email on September 5, 2019. (Hernandez Final Approval Decl., ¶ 17-18.)

Thus, given the present number of **269** Participating Class Members, the Class members have responded with a **100%** participation rate.

### 9. Settlement Procedure

Another factor that may be considered by the Court is "the procedure by which the settlement was arrived at." *See In re Patriot Am. Hospitality, Inc. Sec. Litig. (Open Market Action)*, 2005 U.S. Dist. LEXIS 40995, *5 (N.D. Cal. 2005) ("To these factors, the court adds (9) the procedure by which the settlements were arrived at, see Manual for Complex Litigation (Second) § 30.44 (1985) . . . ."). As noted above and described in the Motion for Preliminary Approval (ECF 40), the Settlement was achieved only after protracted and complex arms-length negotiations by experienced counsel, and with the assistance of an experienced mediator. There is no doubt that the settlement process was adversarial and, therefore, favors approval of the final settlement. *See id.* at *8 (finding that "vigorously adversarial" procedure for arriving at settlement "militates in favor of the settlement").

### C.    Approval of Attorneys' Fees, Costs, Representative Enhancement

Plaintiff and Class Counsel have negotiated a Gross Settlement Amount of **$415,000.00** for **269** employee Class members in connection with this non-reversionary Settlement. (Yeremian Decl., ¶ 10.) Administration of the Settlement has progressed past the deadline to object or opt-out of the Settlement on **August 28, 2019**, and the final approval hearing is approaching on **October**

1   **17, 2019**. Plaintiff therefore requests, without opposition from Defendants, that Plaintiff's Counsel

2   be awarded at final approval, from the preliminarily approved Maximum Settlement Amount of

3   $415,000.00, our attorney's fees (not to exceed 25% of the Maximum Settlement Amount, i.e.

4   $103,750.00) and reasonable costs incurred of up to $17,500.00, as awarded by the Court (with

5   present costs at approximately $11,568.82). (Yeremian Decl., ¶ 10.)

6       Class Counsel has provided support for its request that the Court award attorneys' fees at

7   the 25% federal benchmark based on Counsel's submissions in connection with this Motion and

8   efforts advancing this litigation to and through Settlement. (Yeremian Decl., ¶¶ 10-19; ECF No.

9   50-1, ¶¶ 18-41.) David Yeremian & Associates, Inc., and the other associate attorney, Jason

10  Rothman, who has worked on this case, have the background, resources, and experience to

11  zealously represent Plaintiff and the Settlement Class Members, and have done so. (Yeremian

12  Decl., ¶¶ 6-7; ECF No. 50-1, 39-1.) Class Counsel has also addressed the reasonable of its hourly

13  rates. (Yeremian Decl., ¶¶ 12-18; ECF No. 50-1, ¶¶ 18-27.)

14      Class Counsel has provided the Court with a summary of the hours invested in this case

15  and the Time and Task Detail listings for the attorneys working on it addressing their hours and

16  attorneys' fees for the lodestar cross-check. (Yeremian Decl., ¶ 10-16; ECF No. 50-1, ¶¶ 18-27;

17  ECF No. 50-3, 50-4.)

18      As reported in connection with the filing of the Fees and Costs Motion, Class Counsel

19  incurred approximately 220.50 attorney hours through the **August 15, 2019** filing, amounting to

20  **$116,332.50** in attorneys' fees. (Yeremian Decl., at ECF No. 50-1, ¶¶ 18-27; ECF No. 50-3, 50-4.)

21  Since **August 15, 2019** and through the filing of the present motion, Class Counsel reports that it

22  has incurred an additional **15.4 hours** between Messrs. Yeremian and Rothman, which results in

23  **235.9** total hours and **$123,657.50** in total attorneys' fees through the filing of this Motion.

24  (Yeremian Decl., ¶¶ 17-18; ECF No. 50-1, ¶¶ 18-27; ECF No. 50-3, 50-4.) This number is above

25  the requested amount of **$103,750.00,** in reasonable attorneys' fees, and will increase when

26  considering all the further hours counsel will incur in taking this action through final approval

27  hearing and funding and disbursement. (Yeremian Decl., ¶ 17-18.) Therefore, no lodestar

28  multiplier will be required to award Class Counsel reasonable attorneys' fees of **$103,750.00** in

accordance with the federal benchmark of **25%** of the **$415,000.00** Settlement fund, which Class Counsel and Plaintiff have created for the Class members. Class Counsel respectfully requests that the Court award attorneys' fees in the amount of **$103,750.00**.

Class Counsel's declaration in support of the Fees and Costs Motion also reported that it had incurred **$11,568.82** in litigation costs through **August 15, 2019**. (Yeremian Decl., ¶ 20-21; ECF No. 50-1, ¶ 40, and Exhibit D thereto (Costs Invoice) at ECF No. 50-5). Since that time, and to take this action through the final approval hearing, Class Counsel reports that the total litigation costs it has incurred is estimated at **$13,033.82**. (Yeremian Decl., ¶ 21, and **Exhibit B** thereto for updated Costs Invoice). The Settlement as preliminarily approved allocates up to **$17.500.00** for litigation costs, but Class Counsel has incurred less. Any portion of the requested Class Counsel Award ($103,750.00 in fees and up to $17.500.00 in costs) or the Class Representative Enhancement and Service Award to Plaintiff ($7,500) that is not awarded to Class Counsel or Plaintiff will be added back into the Net Settlement Amount and will be distributed to Settlement Class Members as provided in the Agreement. (Yeremian Decl., Exhibit A.) Class Counsel also requests that the Court award it costs reimbursements for reasonable litigation costs and expenses incurred in this action in the amount of **$13,033.82**.

Finally, Class Counsel and Plaintiff request that the Court award Plaintiff the requested Class Representative Enhancement and Service Award of **$7,500.00**. Class Counsel has addressed the contributions Plaintiff has made to this litigation and his efforts on behalf of the Class members. (Yeremian Decl., ¶ 9; ECF No. 50-1, ¶¶ 11-17.) Plaintiff also provided a Declaration in support of the Fees and Costs Motion and award of the requested $7,500 Class Representative Enhancement and Service Award, which details his invaluable contributions to this litigation and his unwavering efforts to secure this Settlement on behalf of the Class members. (*See* Rodriguez Declaration in support of Fees and Costs Motion, at ECF No. 50-6, ¶¶ 3-17.) Plaintiff and Class Counsel request that he be awarded the requested Class Representative Enhancement and Service Award of **$7,500.00**.

**D.    Final Certification for Settlement Purposes Is Appropriate**

1    For the reasons set forth in greater detail in connection with Plaintiff's previously filed

2    Motion for Preliminary Approval, Supplemental Briefing, and Fees and Costs Motion, Plaintiff

3    respectfully submits that the proposed putative Class satisfies the requirements of Fed. Civ. P.

4    23(b)(3) for purposes of settlement. The Court has preliminarily certified the putative class in its

5    Preliminary Approval Order. (*See* ECF. No. 49.) The "Class Period" means the period from **April**

6    **23, 2014** (the original filing date of this action) through **August 30, 2019**. The "Settlement Class

7    Members" are defined as: all non-exempt Customer Service Representatives,  Application

8    Support Specialists, Contact Center Agents, Customer Support Agents, Subscription Support

9    Agents, Customer Service Agents, Incubation Specialists, Product Specialist Support Agents,

10    Premium Customer Service Representatives, Renewals Specialists, Developer Support

11    Operations Specialists, App Technical Supports, Technical Support Analysts, Application

12    Review Analysts and In-Store Tech Supports who have provided resources to Accenture LLP

13    through their employment with BCForward Razor LLC in California during the Class Period.

14    Defendants' records establish that there are **269** Settlement Class Members. (Hernandez Decl., ¶¶

15    17.)

16    **E.    Settlement Administration Costs Should Be Approved**

17    The Court approved Settlement Administrator, ILYM Group, Inc., is and has been

18    responsible for mailing Class Notice to the Class Members, processing Class Notice, responding to

19    Class member inquiries, calculating the settlement payments, transmitting individual settlement

20    payments to participating Class Members, providing status reports of the claims administration to

21    all counsel on a regular basis, calculating and withholding the Class Members' share of taxes,

22    paying those withholdings to the appropriate government agencies, distributing the settlement

23    checks, and performing such other duties as the parties may direct. (*See* Hernandez Decl., ¶¶ 3-22.)

24    The preliminarily approved costs incurred by ILYM Group, Inc. are $7,500.00, and this is the

25    amount ILYM is requesting it be awarded at final approval. (*Id*. at ¶ 19.) Plaintiff therefore

26    requests final approval of the Settlement Administration costs to ILYM Group, Inc. in the amount

27    of **$7,500.00.**

28

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

IV.    **NOTICE HAS BEEN DISSEMINATED TO THE CLASS PURSUANT TO THE COURT-APPROVED NOTICE PROGRAM**

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must direct to class members the "best notice practicable" under the circumstances. Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received." *Silber v. Mabo*, 18 F.3d 1449, 1454 (9th Cir. 1994). Notice need only be given in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).

Here, the Parties jointly drafted the Notice of Class Action Settlement, which the Court has approved.  (ECF No. 40).  Before mailing the Class Notice, the Claims Administrator verified the addresses produced by Defendant for each Class Member using the National Change of Address Database. (*See* Hernandez Final Approval Decl. ¶ 9) The Claims Administrator performed a skip trace to ascertain the current addresses of the class members and re-mail notices to Claims Administrator, 10 Notices were re-mailed by ILYM, leaving 6 notices that were undeliverable. (*Id.* at ¶¶ 10-16.)

V.    <u>**CONCLUSION**</u>

For the reasons set forth herein, and in the Motion for Preliminary Approval and Motion for Attorneys' Fees and Costs and Class Representative Enhancement, and the documents submitted in support, Plaintiff respectfully requests that this Court grant final approval to the proposed Settlement and enter the proposed Judgment and Order in the form submitted herewith.

DATED:   September 19, 2019                    DAVID YEREMIAN & ASSOCIATES, INC.


                                                 By /S/ David Yeremian
                                                    David Yeremian
                                                    Jason Rothman
                                                    Attorneys for Plaintiff Jesse Rodriguez, and
                                                    the Settlement Class Members

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT