1  DAVID YEREMIAN & ASSOCIATES, INC.
   David Yeremian (SBN 226337)
2  David@yeremianlaw.com
   Jason Rothman (SBN 304961)
3  Jason@yeremianlaw.com
   535 N. Brand Blvd., Suite 705
4  Glendale, California 91203
   Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  UNITED EMPLOYEES LAW GROUP, PC
   Walter Haines (SBN 71075)
7  walterhaines@yahoo.com
   5500 Bolsa Ave., Suite 201
8  Huntington Beach, CA 92649
   Telephone: (310) 652-2242
9
   Attorneys for Plaintiff Jesse Rodriguez,
10 on behalf of himself and all others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| JESSE RODRIGUEZ, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BCFORWARD RAZOR LLC, an Indiana Limited Liability Company, BUCHER AND CHRISTIAN CONSULTING, INC., an Indiana Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5:18-cv-03219-EJD<br><br>*[Assigned for all purposes to the Honorable Edward J. Davila]*<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] **FINAL JUDGMENT AND ORDER:**<br><br>**(1)  GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND**<br><br>**(2) GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS AND SERVICE ENHANCEMENT PAYMENT**<br><br>Date:       October 17, 2019<br>Time:       09:00 a.m.<br>Location:   Courtroom 1<br><br>Complaint Filed: April 23, 2018<br>Trial Date:      None Set |

Case No. 5:18-cv-03219-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT

# ORDER AND JUDGMENT

On October 17, 2019, the Court heard Plaintiff Jesse Rodriguez's ("Plaintiff") Unopposed Motion for Attorneys' Fees and Costs and Class Representative Enhancement at Final Approval of Class Action Settlement ("Fees and Costs Motion") and unopposed Motion for Final Approval Class and Collective Action Settlement as set forth in the Stipulation of Settlement of Class Action and Release ("Settlement" or "Settlement Agreement") in the above-captioned action. In accordance with the Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Settlement, Approval of Class Notice and Setting Final Approval Hearing (ECF No. 49), Class Members have been given notice of the terms of the Settlement and an opportunity to object to the Settlement, comment on it and exclude themselves from it. Having considered the Settlement and the papers submitted by the Parties in support of final approval of Settlement, the Court hereby orders and makes determinations as follows:

1. The terms in this Order shall have the same meaning as assigned to them in the Settlement Agreement.

2. The Court finds that class certification of the following Class, for settlement purposes only, is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure and 29 U.S.C. 200 et seq.: All non-exempt Customer Service Representatives, Application Support Specialists, Contact Center Agents, Customer Support Agents, Subscription Support Agents, Customer Service Agents, Incubation Specialists, Product Specialist Support Agents, Premium Customer Service Representatives, Renewals Specialists, Developer Support Operations Specialists, App Technical Supports, Technical Support Analysts, Application Review Analysts and In-Store Tech Supports who have provided resources to Accenture LLP through their employment with BCForward Razor LLC in California from April 23, 2014 through April 30, 2019.

3. The Court finds that the Class meets the ascertainability, numerosity, commonality and typicality requirements to justify certification and that resolution of this matter through a class action is superior to other available methods.

///

4. The Court finds that Plaintiff Jesse Rodriguez is an adequate class representative and appoints him as such.

5. The Court finds that Class Counsel, David Yeremian and Jason Rothman of David Yeremian & Associates, Inc. have adequately represented the Class, and their appointment as Class Counsel is confirmed.

## FINAL APPROVAL OF NOTICE PROGRAM

6. Pursuant to the Court's Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Settlement, Approval of Class Notice and Setting Final Approval Hearing (ECF No. 49), a Notice of Class Action Settlement ("Class Notice") was mailed to Class Members by first class mail. The Class Notice: (i) was the best practicable notice and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and Constitutional due process; (ii) was reasonably calculated to apprise Class Members of the pendency of the Action, the terms of the Settlement, their right to participate in the Settlement, their right to exclude themselves from the Settlement, and their right to object to the Settlement, and/or appear at the Final Approval Hearing for, the Settlement; and (iii) constituted due, adequate, and sufficient notice of a class settlement under Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law. The Court finds that these procedures afforded protections to Class Members and provided the basis for the Court to make an informed decision and approval of the Settlement.

## FINAL APPROVAL OF THE SETTLEMENT

7. The terms of the Settlement are fair, reasonable and adequate, and the standards and applicable requirements for final approval of this class action settlement are satisfied, including the provisions of Rule 23 of the Federal Rules of Civil Procedure.

8. The Settlement has been reached as a result of intensive, serious, and non-collusive, arms-length negotiations and was achieved with the aid of an experienced mediator. The Settlement is approved in its entirety.

9. Class Counsel are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable and adequate.

- 2 -    Case No. 5:18-cv-03219-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT

10. Taking into consideration: the nature of the Plaintiff's claims; the nature of Defendants' defenses; the expense, complexity and likely duration of further litigation; and the risk of attaining and maintaining class action status throughout the litigation, the amounts paid under the Settlement are fair and reasonable. Moreover, the allocation of individual settlement payments among the Settlement Class Members is fair, adequate and reasonable. The fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial also supports the Court's decision to grant final approval.

11. There are no Class Members who timely requested exclusion from the Settlement, and no Class Members objected to it.

12. The notice of settlement served by Plaintiff on the California Labor and Workforce Development Agency ("LWDA") satisfied the requirements of the PAGA. The LWDA has expressed no objection to the Settlement.

13. Pursuant to the terms of the Settlement, in exchange for the Settlement Class Members agreeing to release the Released Claims, the Maximum Settlement Amount Defendants will be required to pay under the Settlement is $415,000.00, which is inclusive of the Class Counsel's Attorneys' Fees, Litigation Expenses, Claims Administration Costs, the PAGA Penalty Payment, Settlement Payments to Settlement Class Members, and the Service Enhancement Payment to the Class Representative. The Maximum Settlement Amount does not include Defendant's share of payroll taxes. Taking into account the (1) value of the Settlement, (2) the risks inherent in continued litigation, (3) the extent of discovery completed, (4) the complexity, expense, and likely duration of the litigation in the absence of settlement, and (5) the experience and views of counsel, the Court finds that the Settlement is fair, adequate, reasonable, and deserves this Court's final approval. The Court further finds that the Settlement was made in good faith, negotiated at arm's length and represents the best interests of the Parties. Accordingly, the Court orders the Parties to consummate the settlement in accordance with the terms of the Settlement.

14. Neither this Final Approval Order, nor the Settlement shall constitute an admission by Defendants of any liability or wrongdoing whatsoever, nor is this Final Approval Order a finding of the validity or invalidity of any claims in the action or a finding or wrongdoing by Defendants. Nor is

any act performed or document executed pursuant to, or in furtherance of, the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendant, Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant, Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, except for purposes of settling this action pursuant to the terms of the Settlement or enforcing the release of the Released Claims.

## DISMISSAL AND RELEASE

15. This action shall be dismissed on the merits with prejudice, with each party bearing his/her/its own costs, except as provided in the Settlement.

16. By this Final Approval Order, Plaintiff shall release, relinquish and discharge all Class Representative Released Claims as defined in the Settlement and incorporated by reference herein.

17. By this Final Approval Order, each of the Settling Class Members who did not opt out of the Settlement shall be deemed to have fully, and forever released, relinquished, and discharged all Class Member Released Claims against the Releases as defined in the Settlement and incorporated by reference herein.

18. Under the Federal Rules of Civil Procedure, the Court, in the interests of justice, expressly directs the Clerk of Court to enter this Final Approval Order.

## ALLOCATION OF THE SETTLEMENT

19. The Court approves that ILYM Group, Inc. will administer the settlement and shall be paid claims administration expenses in the amount of $7,500.00 from the Maximum Settlement Amount for its services rendered in administering the settlement, in accordance with the Settlement.

20. The PAGA Payment arising under the California Private Attorneys General Act of $10,000.00 is approved, with the LWDA receiving $7,500.00 and the remaining $2,500.00 being redistributed to the Class members. Payment of that amount shall be paid from the Maximum Settlement Amount in accordance with the Settlement Agreement, and there shall be no further

recourse for the civil penalties released under the terms of the Settlement.

21. Based upon application by Class Counsel and Plaintiff, and his valuable contribution to this litigation, the Court approves the payment of a Class Representative Enhancement and Service Award in the amount of **$5,000.00** to Plaintiff (in addition to any recovery he may receive as a member of the Settlement Class) in exchange of all Releases and in recognition of his efforts and the risks he undertook in prosecuting this Action.

22. Based upon application by Class Counsel, the Court approves the payment of attorneys' fees to Class Counsel in the amount of **$103,750.00**, which is 25% of the Maximum Settlement Fund of **$415,000.00** to be paid in the manner set forth in the Settlement Agreement. Plaintiff's request for an award of reasonable litigation costs is also approved. Out of the **$17,500.00** allocated to costs, Class Counsel has incurred approximately **$11,938.82** in costs through final approval. Class Counsel is awarded this amount, and the difference between that number and the allocated amount will be added back into the Net Settlement Amount to be distributed to the Settlement Class Members in accordance with the Settlement Agreement. Within 30 days of the Effective date, Defendants shall provide the total amount to be funded.

23. Within 15 days after Defendants provide the total amount to be funded, the Claims Administrator shall pay to the Settling Class Members Individual Settlement Amounts from the Net Settlement Fund, and all other amounts, in accordance with the Settlement.

24. The Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings that encompass any of Plaintiff's claims and the Released Claims released by the Settlement Class Members. The Settlement Agreement and this Final Approval Order and Judgment shall be binding on Plaintiff and the Settlement Class Members and others acting on their behalf.

25. Plaintiff and the Settlement Class Members are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims released in the Settlement Agreement.

///

26. The Settlement provided for herein, and any proceedings undertaken pursuant thereto, may not be offered, received, or construed as evidence of: a presumption, concession, or an admission by any Party of liability or non-liability; the certifiability or non-certifiability the class and collective claims resolved by the Settlement; the manageability or non-manageability of the PAGA representative claims resolved by the Settlement; provided, however, that reference may be made to this Settlement in such proceedings as may be necessary to effectuate the provisions of this Settlement.

27. This Final Approval Order and Judgment of dismissal shall be entered forthwith, dismissing this Action with prejudice.

28. Without affecting the finality of the Final Approval Order and Judgment, the Court retains continuing jurisdiction over Plaintiff, Defendants, and the Settlement Class Members as to all matters concerning the administration, consummation, and enforcement of this Settlement Agreement.

29. After settlement administration and distribution of funds have been completed, the Parties shall file a report with this Court certifying compliance with the terms of the Settlement and this Order and Judgment.

30. If this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of claims, appointment of the Class Representative and appointment of Class Counsel shall be void and of no further effect, and the parties shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties might have asserted but for the Settlement.

## JUDGMENT

31. Plaintiff's Motion for Final Approval of Class Action Settlement and for Motion For Approval of Attorneys' Fees and Costs came for hearing on October 17, 2019 in the above-captioned Court, the Honorable Edward J. Davila presiding. The Court having previously granted preliminary approval of the Settlement on June 12, 2019, the Parties having fully briefed the issues regarding final approval and awards of attorneys' fees, reimbursement of litigation expenses, and service enhancement payment, the cause having been heard, and the Court having granted final approval of the Stipulation

of Class Action Settlement and Release and having granted the motion for Approval of Attorneys' Fees and Costs.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

Judgment is entered approving the terms of the Settlement. This Order shall constitute Final Judgment for purposes of FRCP Rule 58. This action is dismissed on the merits and with prejudice. Each party will bear its own costs except as provided otherwise in the Settlement.

**IT IS SO ORDERED.**

DATED: ____October 21, 2019_____   _____
The Honorable Edward J. Davila
United States District Judge